David G. BEAN, Carol G. Comstock, Juanita F. Davenport, Elizabeth Dickos, Russell L. Greer, Leonard Hardtke, Paul Vernon Kellerer, Hada V. Nicholson, William Gordon Oldham, Dale L. Quist, Theodore R. Sherburne, and Eva G. Willard, on behalf of themselves and all others similarly situated, Plaintiffs-Appellants,

v.

CROCKER NATIONAL BANK, Defendant-Appellee.

No. 77–1822.

United States Court of Appeals, Ninth Circuit.

July 13, 1979.

David M. Blackman, David M. Blicker (argued), Blackmon, Wasserman & Blicker, Sacramento, Cal., for plaintiffs-appellants.

Dennis D. Clark, Atty., Washington, D. C., for amicus, U. S. Dept. of Labor.

James C. Paras, Bruce A. Nelson (argued), Morrison & Foerster, San Francisco, Cal., for defendant-appellee.

Before CARTER, CHOY and BRIGHT,[*] Circuit Judges.

BRIGHT, Circuit Judge.

Appellants, eleven former employees of the appellee Crocker National Bank (Crocker), appeal from a summary judgment dismissing their action, brought on behalf of themselves and others similarly situated, charging Crocker with discriminatorily terminating their employment because of age, in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* (1976). The district court granted Crocker summary judgment on the ground that appellants' failure to commence state proceedings deprived the court of jurisdiction over the suit. In addition, the district court held that it lacked jurisdiction over the claim of appellant Hardtke because the court deemed his notice of intent to sue untimely and over the claim of appellant Bean because of his failure to provide notice of intent to sue. The district court entered an appropriate order rendering dismissal against some but not all plaintiffs appealable as a final judgment pursuant to Fed.R.Civ.P. 54(b).[1]

On appeal appellants, severally or individually as noted below, make the following claims:

---

[*] Honorable Myron H. Bright, United States Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

1. The district court entered a summary judgment against all complainants before him except Juanita Davenport. When a court directs summary judgment only against some parties in a case involving multiple parties, such judgment shall be deemed final "only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed.R.Civ.P. 54(b).

1) failure to commence state proceedings with the California Fair Employment Practice Commission (FEPC) does not bar this action; alternatively, appellants effectively commenced proceedings with the FEPC;[2]

2) the district court erred in finding that appellant Hardtke failed to timely file notice of intent to sue with the Secretary of Labor (Secretary); and

3) the district court erred in determining that, in order to participate in the representative ADEA action as a "similarly situated" party, appellant Bean was required to individually file a notice of intent to sue with the Secretary.

In light of the Supreme Court's recent decision in *Oscar Mayer & Co. v. Evans,* —— U.S. ——, 99 S.Ct. 2066, 60 L.Ed.2d 609 (1979), we reverse the district court's determination that the appellants' failure to commence state proceedings deprived the court of jurisdiction (item 1) and remand the case for further consideration consistent with the *Evans* case. Additionally, we agree with appellants' claims numbered (2) and (3) and reverse the district court's dismissals of the actions of Hardtke and Bean.

## I. *Factual Background.*

In the spring and summer of 1974, Crocker discharged more than 1,000 employees, including the appellants, from its employ.[3]

On September 12, 1974, attorney David M. Blicker filed letters with the California FEPC and with the United States Department of Labor (Department), alleging that Crocker terminated several appellants because of their age.[4]

The Department subsequently informed Blicker that it was "conducting an investigation of [Crocker] under the [ADEA]." Although Blicker spoke with an FEPC representative on several occasions, he never filed a formal verified complaint with the California FEPC setting forth the factual basis for the discrimination claims.

On February 13, 1975, Blicker filed a notice of intent to sue with the Department on the age discrimination claim under 29 U.S.C. § 626(d), "on behalf of the named individuals [naming appellants and Juanita Davenport] and all other persons similarly situated."[5] The Department notified appellants of the receipt of the notice of intent to sue and directed appellants' counsel's attention to section 14(b) of the ADEA, 29 U.S.C. § 633(b), which requires the commencement of state proceedings in an age discrimination action. The Department also informed the California FEPC and Crocker of the notice of intent to sue.

The Department's attempts to conciliate the dispute failed and, on May 7, 1975, the

---

2. Where alleged unlawful conduct transpires in a state, such as California, "which has a law prohibiting discrimination in employment because of age and establishing or authorizing a State authority to grant or seek relief from such discriminatory practice," a complainant may not bring a federal action under the ADEA "before the expiration of sixty days after proceedings have been commenced under the State law, unless such proceedings have been earlier terminated[.]" 29 U.S.C. § 633(b).

3. Crocker terminated appellants on the following dates in 1974: David Bean—May 29; Leonard Hardtke—June 28; Russell Greer and William Oldham—August 21; Paul Kellerer—August 22; Elizabeth Dickos—August 23; Carol Comstock and Eva Willard—August 26; Dale Quist—August 27; Theodore Sherburne—August 29.

4. In the letter, Blicker advised the organizations that he represented appellants Comstock, Dickos, Kellerer, Sherburne, and Willard. On

September 17, 1974, Blicker notified the Department that he also represented appellants Greer, Oldham, and Quist. Blicker advised the Department of Hardtke's addition to the group of complainants on December 18, 1974. In a letter dated October 22, 1974, the Department acknowledged the "receipt of the information [Blicker] submitted on behalf of [appellants]" about alleged ADEA violations by Crocker. Appellant Hada Nicholson's name appears on that letter, although the record neither discloses when Crocker discharged Nicholson nor when Blicker began representing her.

5. The notice named all appellants except David Bean.

The Department received the notice within 180 days of the termination date of all appellants other than Hardtke and Bean. The notice of intent to sue followed Hardtke's discharge by 229 days. Bean did not file a notice of intent to sue.

Department advised appellants that no further conciliation efforts would be undertaken. On July 3, 1975, appellants filed the present action in federal district court.

The district court granted Crocker summary judgment against all but one of the complainants,[6] holding that appellants' failure to commence proceedings with the FEPC pursuant to 29 U.S.C. § 633(b), deprived the court of jurisdiction. In addition, the court dismissed the actions of appellants Hardtke and Bean because neither filed notice of intent to sue within 180 days following their terminations, as specified in 29 U.S.C. § 626(d).

## II. Whether appellants' failure to formally commence proceedings under the California FEPC bars the federal action.[7]

■ The district court ruled that 29 U.S.C. § 626(d) compels appellants to resort to state remedies, under 29 U.S.C. § 633(b) as a jurisdictional prerequisite to initiating their federal action under the ADEA. 29 U.S.C. § 633(b) provides that in a deferral state[8] a grievant must commence proceedings with the appropriate state agency by "the filing of a written and signed statement of the facts upon which the proceedings is based[.]" The district court held that appellants failed to commence state proceedings and dismissed the actions of all appellants for lack of jurisdiction.

In light of *Oscar Mayer & Co. v. Evans, supra,* we reverse the district court's order of summary judgment. In *Evans* the Supreme Court held that under 29 U.S.C. § 633(b) a grievant must resort to appropriate administrative remedies in deferral states before seeking relief in federal court. *Oscar Mayer & Co. v. Evans, supra,* —— U.S. at ——, 99 S.Ct. at 2073. However, the Court added that the failure to file a complaint with a local agency in a deferral

state does not bar a grievant's federal court action. Where federal litigation has been commenced, the suit "should be held in abeyance" so as to give the appropriate state agency the "opportunity to entertain respondent's grievance[.]" *Oscar Mayer & Co. v. Evans, supra,* —— U.S. at ——, 99 S.Ct. 2066.

Accordingly, we reverse the district court's order of summary judgment against all of the appellants except Bean and Hardtke, and we remand the case to the district court for further proceedings consistent with the Supreme Court's decision in *Evans.*

## III. Whether Hardtke's failure to file a notice of intent to sue within 180 days of his termination bars his claim.

■ Crocker discharged Hardtke from its employ on June 28, 1974. Thereafter, Hardtke filed notice of his intent to sue Crocker with the Department on February 13, 1975, 229 days after his termination. Hardtke claims that so long as he filed notice to sue within 300 days of his discharge, he preserves his federal right of action. The district court stated that Hardtke's failure to file notice of intent to sue within 180 days required dismissal of Hardtke's federal age discrimination claim and concluded that it lacked subject matter jurisdiction over the claim. We disagree.

Section 626(d), in pertinent part, reads as follows:

No civil action may be commenced by any individual under this section until the individual has given the Secretary not less than sixty days' notice of an intent to file such action. Such notice shall be filed—

(1) within one hundred and eighty days after the alleged unlawful practice occurred, or

---

**6.** Crocker did not seek summary judgment against Juanita Davenport. Consequently, this appeal does not concern the status of Ms. Davenport's claim.

**7.** Our discussion in this section disposes of the appeals of all appellants except Hardtke and Bean.

**8.** "Deferral states" are those which have created local agencies with authority to grant relief from unlawful employment practices.

(2) in a case to which section 633(b) of this title applies [a deferral state, *see* n.8 *supra* ], within three hundred days after the alleged unlawful practice occurred or within thirty days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier.

In our view, this statutory language expressly permits a complainant in a deferral state to bring an action within 300 days after an alleged discriminatory discharge for reasons of age.

The district court stated that the extended filing period of 300 days comes into play "only where the complainant filed [with the state agency] *in fact,* and that such period was not intended as a bonus for those who fortuitously reside in deferral states." To support its conclusion that 29 U.S.C. § 626(d) required Hardtke to file notice of intent to sue within 180 days of his termination, the district court relied on *Olson v. Rembrandt Printing Co.,* 511 F.2d 1228 (8th Cir. 1975), a case brought under Title VII of the Civil Rights Act of 1964 dealing with time limitations for filing discrimination charges with the Equal Employment Opportunity Commission (EEOC).

In *Olson,* the complainant filed an employment discrimination charge with the EEOC more than 180 days after her allegedly discriminatory termination. In addition, she did not institute state proceedings relating to the alleged unlawful discharge within the ninety day state limitation period.[9] The court held that in a deferral state a charge of employment discrimination must be filed with the state agency within 180 days of an alleged unlawful act to trigger the extended 300-day filing period with the EEOC.[10] Because the *Olson* complainant did not institute state proceedings within 180 days of her discharge, the court concluded that she was not entitled to the 300-day period for filing with the EEOC and dismissed her action. *Olson v. Rembrandt Printing Co., supra,* 511 F.2d at 1233. *Cf. Doski v. M. Goldseker Co.,* 539 F.2d 1326 (4th Cir. 1976) (in a deferral state, where a complainant files a state claim for Title VII relief more than 180 days after termination but within the state limitation period, the extended 300-day period for filing with the EEOC applies).

Employing the *Olson* reasoning in a Title VII claim to the ADEA action before it, the district court in the instant case dismissed Hardtke's action because, having failed to commence state proceedings, Hardtke had to provide notice of intent to sue to the Secretary within 180 days of his termination which he failed to do.

In light of the Supreme Court's decision in *Oscar Mayer & Co. v. Evans, supra,* we do not believe the *Olson* reasoning relating to Title VII claims applies to filing limitation periods under the ADEA. Unlike a person charging discrimination under Title VII, an ADEA claimant may bring a federal action without having timely commenced state proceedings. The Supreme Court held that "state limitations periods are irrelevant" for purposes of commencing state proceedings in ADEA actions and that 29 U.S.C. § 633(b) requires only that the state proceedings commence sixty days before the institution of federal litigation. *Oscar*

9. Although Missouri statutory law provides that a discrimination charge must be filed with the state agency within ninety days of the alleged discriminatory act, Mo.Rev.Stat. § 296.-040 (1969) V.A.M.S., the court in *Olson* determined that to prevent state limitation periods from governing "the efficacy of the federal remedy[,]" in deferral states "complainant[s] * * * will have at least 180 days in which to file with the state or local agency to receive the benefit of the deferral period[.]" *Olson v. Rembrandt Printing Co.,* 511 F.2d 1228, 1232 (8th Cir. 1975). The *Olson* complainant did not institute state proceedings within 180 days.

10. Title VII, in pertinent part, requires that

A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred * * * except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice * * * such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred[.] [42 U.S.C. § 2000e-5(e) (1976).]

*Mayer & Co. v. Evans, supra,* —— U.S. at ——, 99 S.Ct. at 2073. If the federal action is first commenced, it will be held in abeyance until the complainant files a complaint with the state agency, even though untimely under state law. *Id.* at ——, 99 S.Ct. at 2076.

Thus, under *Evans* it appears that compliance with state time limitations in a deferral state must also be deemed irrelevant for purposes of determining whether a complainant has 180 or 300 days to file notice of intent to sue with the Secretary. We believe that, in a deferral state, an ADEA claimant may provide notice of intent to sue to the Secretary within 300 days of an alleged discriminatory act regardless of whether or not state proceedings have been timely commenced. Accordingly, we hold that Hardtke timely filed his notice of intent to sue within the applicable 300-day limitation period of 29 U.S.C. § 626(d)(2).

IV. *The status of appellant Bean.*

Bean contends that where at least one complainant in the present case Juanita Davenport, *see* n.1 *supra,* otherwise in compliance with the ADEA, timely files notice of intent to sue with the Secretary, that complainant may bring suit on behalf of "similarly situated" employees who have consented to join the action under 29 U.S.C. § 216(b), even though such "similarly situated" employees have not individually filed notice to sue pursuant to 29 U.S.C. § 626(d).[11] Crocker responds that each complainant in an ADEA action must individually fulfill the section 626(d) notice requirements. The district court agreed with Crocker and dismissed Bean from the action.

■ We hold that the ADEA authorizes grievants who have complied with section 626(d) to bring representative actions pursuant to section 216(b) on behalf of "similarly situated" employees, who may not have individually filed notice of intent to sue with the Secretary. Therefore, we reverse the decision of the district court dismissing Bean from the action.

In his concurring opinion in *Evans,* Mr. Justice Blackmun noted that the ADEA is "a remedial statute that is to be liberally construed" and suggested that it should be read in such a manner as to "give full recognition to that remedial character." *Oscar Mayer & Co. v. Evans, supra,* concurring opinion, —— U.S. at p. ——, 99 S.Ct. at p. 2076 (Blackmun, J.). The ADEA's broad remedial purposes of prohibiting arbitrary age discrimination and of promoting the employment of older persons based on their ability rather than age are best served by an interpretation of 29 U.S.C. § 216(b) that permits similarly situated complainants to join in an action as unnamed parties so long as a named plaintiff has complied with the notice requirements of 29 U.S.C. § 626(d).[12]

In addition, cases dealing with class actions under the remedial legislation of Title VII lend support to the view that unnamed grievants seeking to participate in actions under similar remedial legislation, such as the ADEA, need not individually comply with the notice requirements of 29 U.S.C. § 626(d). The statute permitting class actions under the ADEA establishes a procedure for "opt-in" classes[13] requiring the written consent of parties desiring to join the action, while a Fed.R.Civ.P. 23(b) "opt-out" class action may be maintained under Title VII.[14] Nonetheless, the law developed under Title VII provides a useful analogy in interpreting the ADEA. In a Title VII representative suit, unnamed class members need not individually bring a charge with the EEOC as a prerequisite to joining the litigation. *Oatis v. Crown Zellerbach Corp.,* 398 F.2d 496, 499 (5th Cir. 1968). *See Albemarle Paper Co. v. Moody,* 422 U.S. 405, 414 n.8, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975). In light of this background, the Supreme Court's footnote to its comment in *Evans*

---

11. *See* note 5 *supra.*

12. Class suits brought pursuant to the ADEA are specially authorized in 29 U.S.C. § 216(b), which is incorporated by reference in 29 U.S.C. § 626(b).

13. See note 12 *supra.*

14. Consequently, the ADEA class may be less inclusive than a class of discriminatees under Title VII.

that "resort to administrative remedies in deferral States by individual claimants is mandatory, not optional[,]" becomes quite significant. *Oscar Mayer & Co. v. Evans, supra,* —— U.S. at ——, 99 S.Ct. at 2073. That footnote in *Evans* reads:

> This rule, of course governs only claims for individual relief, such as the present case. Nothing in our decision in anywise disturbs the rule of *Albemarle v. Moody,* · 422 U.S. 405, 414 n.8, 95 S.Ct. 2362, 2370 n.8, 45 L.Ed.2d 280 (1975), concerning the rights of unnamed parties in plaintiff class actions. [*Oscar Mayer & Co. v. Evans, supra,* —— U.S. at ——, n.6, 99 S.Ct. 2073 n.6.]

We interpret this comment as suggesting that unnamed parties in a class action under the ADEA may join in the litigation without having personally complied with the notice requirements of 29 U.S.C. § 626(d).

Further, the purpose underlying the notice requirement of section 626(d), to allow the Secretary to "promptly seek to eliminate any alleged unlawful practice by informal methods of conciliation, conference, and persuasion[,]" may be met without requiring each potential grievant to file notice of intent to sue. The collective notice to sue filed with the Department on February 13, 1975, by several named discharged Crocker employees on behalf of themselves and others similarly situated, alerted the Secretary of possible· ADEA violations by Crocker affecting not only those employees whose names appeared on the notice, but also affecting other "older" persons discharged by Crocker at approximately the same time. The Secretary and Crocker were put on notice that the discrimination charges encompassed a pattern of unlawful conduct transcending an isolated individual claim and that they should act accordingly. *See Burgett v. Cudahy Co.,* 361 F.Supp. 617 (D.Kan.1973). Such notice gave the Department the opportunity to informally mediate and conciliate the dispute between Crocker and both named and unnamed com-

plainants before litigation of the grievance commenced.[15] Consequently, Bean's inclusion as a member of the class neither compromises the purpose of the notice of intent to sue nor in any way prejudices Crocker.

Our determination that Bean may be included in the class action would also permit Hardtke and the other named complainants to join in this action as employees similarly situated to Juanita Davenport, who has complied with the ADEA requirements for bringing a discrimination claim. The district court deemed Ms. Davenport a proper plaintiff, and she could bring her action in a representative capacity for others who are "similarly situated" and who have *consented* to join the action as unnamed members of a class.

Accordingly, we remand this cause to the district court with instructions to vacate the dismissal of the action against all named appellants except Bean, to permit Bean to participate in the lawsuit as a party similarly situated to the named representative appellants, and for further proceedings consistent with this opinion.

---

15. Moreover, it seems wasteful for numerous complainants with similar grievances to have to process virtually identical notices of intent to sue with the Secretary. "If it is impossible

to reach a settlement with one discriminatee, what reason would there be to assume the next one would be successful." *Oatis v. Crown Zellerbach Corp.,* 398 F.2d 496, 498 (5th Cir. 1968).