Edward HOPPER

v.

TIMEX CORPORATION.

No. LR–C–84–347.

United States District Court,
E.D. Arkansas, W.D.

Sept. 28, 1984.

Robert K. McCalla and Howard Shapiro of McCalla, Thompson, Pyburn & Ridley,

New Orleans, La., Kathlyn Graves of Wright, Lindsey & Jennings, Little Rock, Ark., for defendant.

Philip E. Kaplan and Karen L. Arndt of Kaplan, Brewer & Miller, Little Rock, Ark., for plaintiffs.

## ORDER

ROY, District Judge.

Pending before the Court is the motion of the defendant for summary judgment dismissing class action allegations. Defendant asserts that the undisputed material facts demonstrate plaintiff has abused the judicial process and that plaintiff cannot represent a class of similarly situated employees who were allegedly separated from employment. The plaintiff has responded and defendant replied. The matter is now ripe for determination.

The Court has carefully considered the views and authorities cited by both parties and has reviewed the documents attached to the motion. It is clear that the present action is based upon the same conduct complained of in *Hopper I,* except as to the addition of class allegation claims. In *Hopper I,* the plaintiff filed a motion to dismiss without prejudice which the Court granted with certain conditions imposed:

> The plaintiff has conducted little discovery although he had ample time to prepare for trial. It would be unfair to the defendant to allow the backpay damages to continue to increase (if relief is eventually granted) so the Court finds it to be equitable to provide that if a subsequent action is refiled then April 17, 1984 will be the date used to compute backpay and liquidated damages if applicable.

Defendants first point is that the plaintiff's conduct in prosecuting *Hopper I* and the Court ordered sanctions compel dismissal of class claims. The idea is that the Court's limitation of remedies establishes he is not "similarly situated" to other individuals who may assert damage claims for prospective relief postdating April 17, 1984. Although the defendant's argument is per-

suasive, it is possible that prospective relief for each class member could be molded so as to fit each plaintiffs case. However, because of the following holding, the Court does not address this point at length.

The next point raised by defendant is that plaintiff's EEOC charge limits any subsequent litigation. Plaintiff's EEOC charge was limited to claims of an alleged individual unlawful discharge. No class pattern or practice discharge claims were alleged or suggested in plaintiff's EEOC charge. The plaintiff did not respond to this particular point in his brief. The defendant cited various cases dealing with the failure to raise issues in the EEOC charge. The Eighth Circuit has provided guidance in this regard with respect to Title VII claims [1]:

> The Eighth Circuit Court of Appeals has ruled that a plaintiff may file a Title VII suit on those claims which are 'like and related to the substance of (plaintiff's) EEOC charge'. *Satz v. ITT Financial Corp.,* 619 F.2d 738, 742, 22 FEP Cases 929 (8th Cir.1980).... The Eighth Circuit has not ruled on a case with analogous facts, nor has there been any elaboration after *Satz* of what constitutes 'like or related' claims....

> The Court is mindful that a "lay complainants' charges are to be construed broadly in a liberal manner in order to effect the 'remedial and humanitarian underpinnings of Title VII and of the crucial role played by the private litigant in the statutory scheme.' "...

> The Fifth Circuit Court of Appeals has adopted a test similar to the one referred to by the Eighth Circuit in Western Publishing Co. Noting the administrative and judicial framework of Title VII and its goal of encouraging voluntary compliance through conciliation, that court has held that the scope of a Title VII suit may extend as far as, but no further than, the scope of the EEOC investigation which could reasonably grow out of the administrative charge. [Citations omitted].

1. See fn. 1 in *Looney v. Commercial Union Assurance Companies,* 428 F.Supp. 533 (E.D.Mich. 1977) noting parallel relationship between Title VII and ADEA cases.

In this Court's view, the tests of the Eighth and Fifth Circuits are essentially the same....

*Paulino v. Miller,* 568 F.Supp. 687, 32 FEP Cases 1230 (E.D.Ark.1983).

The EEOC charge in the present case appears to be specifically related to his treatment alone and not conclusory. As Judge Eisele stated in *Pickney v. American District Telegraph Company of Arkansas,* 32 FEP Cases 1232, 1235 (E.D.Ark.1983):

When an employee files a highly specific charge he thereby circumscribes the number of claims that might "relate" to it.

*Id.* at 1235.

It follows from this Court's interpretation that the plaintiff's charge could not serve as a jurisdictional basis for a subsequent class action. The defendant recognizes the split among the circuits as to who may opt into an ADEA class action. The Fifth Circuit holds each opt in plaintiff must timely file his own charge of discrimination. *McCorstin v. U.S. Steel Corp.,* 621 F.2d 749, 755 (5th Cir.1980); *Price v. Maryland Casualty Co.,* 561 F.2d 609, 611 (5th Cir.1977). The Ninth and Tenth Circuits have held that similarly situated plaintiffs may opt in to an ADEA class action if the named plaintiff timely complied with the ADEA notice requirements set forth in 29 U.S.C. § 626(d). *Naton v. Bank of California,* 649 F.2d 691, 697 (9th Cir.1981); *Mistretta v. Sandia Corp.,* 639 F.2d 588, 593–95 (10th Cir.1980); *Bean v. Crocker National Bank,* 600 F.2d 754, 759–60 (9th Cir.1979). The Court could find no Eighth Circuit opinion addressing this specific question. However, the Court is of the opinion that even under the more liberal analysis of the Ninth and Tenth Circuits, the instant plaintiff's EEOC charge is legally insufficient as a jurisdictional foundation for an alleged ADEA class action. In *Bean v. Crocker National Bank,* 600 F.2d 754, 20 FEP Cases 533 (9th Cir.1979) [*Bean*], the Department of Labor received notices from an attorney alleging age discrimination against five employees and all other persons similarly situated. *Bean,* 600 F.2d at 756, 28 FEP Cases at 534. The Ninth Circuit panel permitted these notices to serve as jurisdictional basis for a subsequent class action because defendant and the DOL:

... were put on notice that the discrimination charges encompassed a pattern of unlawful conduct transcending an isolated claim and that they should act accordingly. Such notice gave the Department the opportunity to informally mediate and conciliate the dispute...

*Bean,* 600 F.2d at 760, 20 FEP Cases at 537. Instant plaintiff's charge of discrimination did not put defendant on notice of claims transcending his individual discharge, and nullified any opportunity to conciliate on a class basis. The Court also agrees with the defendant's analysis and distinctions made between this case of *Naton* and *Mistretta.* The instant plaintiff's charge of discrimination complains of an individual employment action, and never suggests or implies subsequent class litigation, or provided defendant with an opportunity to conciliate the class claims asserted in the complaint. Further, during a deposition taken in *Hopper I,* plaintiff answered affirmatively when asked whether the only issue he seeks to litigate in this case is his alleged wrongful layoff.

Based upon the foregoing, the Court grants defendants Motion for Summary Judgment and dismisses the class claims.