799 F.2d 397
 47 Fair Empl.Prac.Cas. 1401,
41 Empl. Prac. Dec. P 36,676
Charles KLOOS, Appellant,
William Kalina, Felix R. Norman, Thomas F. Hartman, Bruce
Wheaton, Charles W. Mayfield, Gerald J. Scovil, Gordon D.
Robison, Frederick L. Biederman, Gene Borg, William F.
Truran, Donald LeRoy Funk, Donald K. Peters and Norman J.
LaBelle, on behalf of themselves and others similarly
situated, Appellants,
v.
CARTER-DAY COMPANY, Appellee.
 No. 86-5001.
 United States Court of Appeals,
Eighth Circuit.
 Submitted June 13, 1986.
Decided Aug. 22, 1986.
 
 Gregory A. McClenanhan, Minneapolis, Minn., for appellant.
 Andrew R. Clark, Minneapolis, Minn., for appellee.
 Before HEANEY and WOLLMAN, Circuit Judges, and BATTEY,* District Judge.
 WOLLMAN, Circuit Judge.
 
 
 1
 Charles Kloos appeals the district court's[1] order dismissing the claims of eleven opt-in class plaintiffs in his action against Carter-Day Company alleging violations of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. Secs. 621-34 (1982). The issue in this appeal is whether the administrative filings of ADEA plaintiffs who failed to allege class-wide discrimination or to claim to represent a class may serve as the basis for jurisdiction over opt-in class plaintiffs who have never filed administrative charges. We hold that they may not and therefore affirm the order of dismissal.
 
 
 2
 * Kloos filed a charge of discrimination with the Minnesota Department of Human Rights (MDHR) on June 29, 1984, alleging that Carter-Day had discriminated against him on the basis of age when he was passed over for a position that was filled with a younger man.[2] Norman LaBelle, one of the opt-in plaintiffs in this action, and Lawrence Phillipi, both terminated by Carter-Day on June 15, 1983, previously had filed charges with the MDHR. The Phillipi charge was subsequently withdrawn. On August 29, 1984, Kloos brought this action in district court alleging age discrimination. Kloos' counsel sent a letter to a MDHR caseworker on February 8, 1985, informing him that through discovery in Kloos' case he had found evidence of company-wide age discrimination in employment at Carter-Day. The letter also mentioned that Kloos' counsel was in the process of certifying a class action according to 29 U.S.C. Sec. 216(b), and that he "felt the department should be informed of this case and given the opportunity to work with me." Appendix at K-2.
 
 
 3
 On February 13, 1985, Kloos filed a statutory class action certification motion. The district court certified the class action on June 11, 1985, and thirteen plaintiffs opted into the action. Only one of the thirteen opt-in plaintiffs, Norman LaBelle, previously had filed a charge with the MDHR, and only one other plaintiff, Frederick L. Biederman, had been terminated within three hundred days of the motion for class certification. Carter-Day moved for summary judgment, and the district court dismissed for lack of subject matter jurisdiction[3] the eleven opt-in plaintiffs who had neither filed with the MDHR or been terminated within three hundred days of February 13.
 
 II
 
 4
 * Persons seeking relief under the ADEA in states with laws prohibiting age discrimination in employment[4] are required to file an administrative charge of discrimination with the proper state agency within three hundred days of the alleged unlawful practice as a prerequisite to bringing a civil action. 29 U.S.C. Secs. 626(d)(2), 633(b) (1982). Once an administrative charge has been filed and sixty days have expired from the date of filing, the filing party may bring a civil action. 29 U.S.C. Sec. 626(d) (1982). The sixty-day waiting period for filing a civil action allows the state agency time to "seek to eliminate any alleged unlawful practice by informal methods of conciliation, conference, and persuasion." Id. ADEA plaintiffs also are authorized, by section 626(b), 29 U.S.C. Sec. 626(b) (1982), to bring class actions in accordance with section 216(b), which allows actions "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. Sec. 216(b) (1982). However, "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." Id. This type of statutory class action is unlike the class action procedures of Rule 23, where parties are automatically included in the class unless they opt out. Fed.R.Civ.P. 23(c)(2); see Schmidt v. Fuller Brush Co., 527 F.2d 532, 535-36 (8th Cir.1975).
 
 B
 
 5
 Our task in this case is to illuminate the relationship between the filing requirement and the class action provisions of the ADEA. The statutory language does not clearly reveal how opt-in class plaintiffs under section 216(b) are to satisfy the filing requirement of section 626(d). Two courts of appeals have held that opt-in plaintiffs need not personally comply with the filing requirement if one or more of the plaintiffs in the action has properly filed an administrative charge. Mistretta v. Sandia Corporation, 639 F.2d 588, 593-94 (10th Cir.1980); Bean v. Crocker National Bank, 600 F.2d 754, 759 (9th Cir.1979). One circuit, however, has required timely filing by each individual opt-in plaintiff. McCorstin v. United States Steel Corp., 621 F.2d 749, 755 (5th Cir.1980).
 
 
 6
 The filing requirement serves several important purposes. First, it provides the state agency or the EEOC with information and "an opportunity to eliminate the alleged unlawful practices through informal methods of conciliation." H.R.Rep. No. 950, 95th Cong., 1st Sess. 12, reprinted in 1978 U.S.Code Cong. & Ad.News 504, 528, 534. Second, it provides formal notice to the employer and prospective defendant of the charges that have been made against it. We do not believe that it is necessary to fulfilling these purposes that every individual opt-in plaintiff file an administrative charge. Accordingly, we follow Mistretta and Bean and hold that it is sufficient for one or more plaintiffs to the action to have properly filed a charge.
 
 
 7
 An administrative charge of one or more plaintiffs setting forth only personal claims of discrimination, however, is not sufficient to serve as the basis for an ADEA class action. To be faithful to the purposes of the filing requirement, an administrative charge must allege class-wide age discrimination or claim to represent a class in order to serve as the basis for an ADEA class action under section 216(b). Naton v. Bank of California, 649 F.2d 691, 697 (9th Cir.1981); Foster v. CBS Records, 109 F.R.D. 168, 170-71 (S.D.N.Y.1986); Hopper v. Timex Corp., 595 F.Supp. 668, 670 (E.D.Ark.1984). But see Anderson v. Montgomery Ward & Co., 631 F.Supp. 1546, 1549 n.3 (N.D.Ill.1986) (finding that opt-in class plaintiffs should be allowed where no charge expressly purports to represent a class, even though "[n]o circuit has yet allowed piggybacking in an ADEA action in the absence of an expressly representative EEOC charge"). Allowing class actions without administrative charges that fairly anticipate class claims would undermine the notice and conciliation purposes of the filing requirement. An allegation of class-wide discrimination or claim of class representation is necessary to inform and give notice to the employer that the consequences of an individual plaintiff's charge may " 'transcend[ ] an insolated individual claim.' " Naton, 649 F.2d at 697 (quoting Bean, 600 F.2d at 760); cf. General Telephone Co. v. Falcon, 457 U.S. 147, 159, 102 S.Ct. 2364, 2371, 72 L.Ed.2d 740 (1982) (one allegation of specific discriminatory treatment not sufficient to support across-the-board attack in Title VII action).
 
 
 8
 Failure to require some notice of class claims in the charge would require employers to treat all individual charges as potential class actions. This consequence is of particular significance in the age discrimination area, where every employed person over the age of forty is a potential plaintiff. The charge filing provision limits the chances for the filing of suits based on subsequent motivations or reassessments. Foster, 109 F.R.D. at 170. We disagree with the view that unsuccessful conciliation following an individual charge probably means that conciliation efforts would have been just as fruitless under a charge that gave notice of class claims. See Anderson, 631 F.Supp. at 1549. Indeed, employers might be expected to be more willing to participate in the conciliation process if they are aware of a potential class action. Moreover, employers should not have to labor under the threat of a covert class action throughout the judicial proceedings that typically will follow the filing of an administrative charge.
 
 C
 
 9
 The administrative charges of Kloos and LaBelle, the only charges filed by any of the persons connected with this case, did not allege class-wide age discrimination or claim to represent a class. Therefore, as adapted to the class action setting, the filing requirement of section 626(d), the fulfillment of which is a prerequisite to a civil action, see H.R.Rep. No. 805, 90th Cong., 1st Sess., reprinted in 1967 U.S.Code Cong. & Ad.News 2213, 2218; cf. Oscar Mayer & Co. v. Evans, 441 U.S. 750, 755-58, 99 S.Ct. 2066, 2071-73, 60 L.Ed.2d 609 (1979), was not satisfied.[5] Nevertheless, Kloos argues that the purposes of the filing requirement have been satisfied by other factors that should have provided notice of the existence of class claims.
 
 
 10
 First, Kloos argues that the letter his counsel sent to the MDHR on February 8, 1985, adequately injected class claims into the proceedings to support a class action. This argument is based upon the view that an administrative charge should be construed broadly to include matters that reasonably grow out of the investigation of the initial charge. See, e.g., EEOC v. General Electric Co., 532 F.2d 359, 364-65 (4th Cir.1976) (Title VII case); EEOC v. Western Publishing Co., 502 F.2d 599, 602-03 (8th Cir.1974) (Title VII case). However, this letter did not clearly expand the scope of the Kloos proceedings to include class claims. It essentially apprised the agency of the conclusions of Kloos' counsel based on discovery in Kloos' civil case and invited the agency to participate in the class action that counsel was seeking to certify. Although amendments of charges are allowed to "clarify or amplify allegations" made in the original charge, 29 C.F.R. Sec. 1626.8(c) (1985), the letter did not purport to be an amendment to Kloos' administrative charge. No copies of the letter were transmitted to Carter-Day or its counsel; thus they had no notice of its contents. Furthermore, Kloos' MDHR file was no longer active when the letter was sent to the MDHR, because Kloos had brought a civil suit in federal court. Accordingly, we hold that counsel's letter did not constitute adequate notice of the class claims.
 
 
 11
 Kloos' second argument is that the number of administrative filings provided notice of class-wide discrimination to the state agency and Carter-Day. We are unwilling to agree, however, that the three administrative filings had such an effect. The LaBelle and Phillipi charges were filed fourteen months before the Kloos charge. The Phillipi charge was later withdrawn. The prior charges involved terminations, the latter a refusal of a promotion to a full-time position. The record further indicates that only four charges[6] were filed out of a much larger number of employees who were terminated at Carter-Day during the relevant time period. These circumstances provided no notice of class claims that would satisfy the purposes of the filing requirement.[7]III
 
 
 12
 Although ADEA opt-in class plaintiffs should not be required personally to file administrative charges, an ADEA class action must be based upon a charge that at least alleges class-wide discrimination or claims to represent a class. The Kloos and LaBelle charges, the letter of Kloos' counsel to the MDHR, and the number of administrative charges filed did not provide notice of class claims to the state agency or Carter-Day that satisfies the purposes of the filing requirement. Accordingly, we affirm the district court's order of dismissal.
 
 
 
 *
 The HONORABLE RICHARD H. BATTEY, United States District Judge for the District of South Dakota, sitting by designation
 
 
 [1]
 The Honorable Robert G. Renner, United States District Judge for the District of Minnesota
 
 
 [2]
 Carter-Day previously had terminated Kloos on June 15, 1983, but then asked him to return to work, apparently on a part-time basis, on February 21, 1984. Kloos claims that he was denied a full-time position because of his age
 
 
 [3]
 The district court's order was issued without opinion and we are unable to determine from the record the precise basis of the court's action. However, because both parties agree that the eleven opt-in plaintiffs were dismissed for lack of subject matter jurisdiction we will proceed on that basis
 
 
 [4]
 States with such laws are deemed "referral states." Minnesota is a referral state. 29 C.F.R. Sec. 1626.9 (1985)
 
 
 [5]
 This finding does not run counter to the Supreme Court's determinations in Albemarle Paper Co. v. Moody, 422 U.S. 405, 414 n. 8, 95 S.Ct. 2362, 2370 n. 8, 45 L.Ed.2d 280 (1975), where the Court found that under Title VII backpay may be awarded on a class basis without exhaustion of administrative remedies by class members, and Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 398, 102 S.Ct. 1127, 1135, 71 L.Ed.2d 234 (1982), where the Court held that compliance with the time limitations for charge filing under Title VII was not a jurisdictional prerequisite to a civil suit. We hold only that fair notice of class claims is necessary to satisfy the charge filing requirement of section 626(d) in an ADEA class action under section 216(b)
 
 
 [6]
 The record indicates that a fourth charge was filed by a terminated Carter-Day employee on December 18, 1985
 
 
 [7]
 Kloos argues further that the class certification motion itself provided notice of class claims sufficient to permit a class action. We disagree. One of the purposes of the filing requirement is to provide notice of class claims prior to any civil action in the courts. Kloos failed to bring class claims in his original charge and failed to amend the charge. Kloos' class certification motion came more than five months after the civil suit was originally filed and seven months after the administrative charge was filed. We reject as untenable the argument that Kloos' class certification motion provided the notice that is a prerequisite to the action it initiated. Such an approach would ignore the purposes of the filing requirement. Because we find that Kloos failed to provide any notice that satisfies the charge filing requirement and that the eleven opt-in plaintiffs were correctly dismissed on that basis, we need not consider appellants' arguments concerning timeliness of the notice