Robert ANDERSON, Ronald Aspgren, et al., Plaintiffs,

v.

MONTGOMERY WARD & CO., INC., et al., Defendants.

No. 82 C 7277.

United States District Court, N.D. Illinois, E.D.

Jan. 7, 1987.

---

Charles Barnhill, Paul Strauss, Davis, Miner, Barnhill & Galland, P.C., Joel F. Handler, Chicago, Ill., for plaintiffs.

James W. Gladden, Jr., Susan S. Sher, Judith M. Janssen, Mayer, Brown & Platt, Chicago, Ill., Thompson Powers, Ronald S. Cooper, Edmund W. Burke, Steptoe & Johnson, Chtd., Washington, D.C., Lawrence M. Donoghue, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

BRIAN BARNETT DUFF, District Judge.

This case comes before the court on the motion of defendant Montgomery Ward & Co., Inc. ("Ward") for reconsideration of the court's April 14, 1986 decision, 631 F.Supp. 1546, or, in the alternative, certification of the central issues in that decision for interlocutory appeal.

## I. RECONSIDERATION

On April 14 the court granted plaintiffs' motion to file a third amended complaint, and in so doing reconsidered portions of its February 18, 1986 decision, which granted in part and denied in part Ward's motion for partial summary judgment. The effect of the court's April 14 decision was to allow certain plaintiffs who failed to file timely charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") to opt into an action brought under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–634, by similarly situated plaintiffs who filed timely EEOC charges alleging widespread and systematic age discrimination.

Ward now attacks the April 14 decision on three grounds. First, it asserts that the court erred in holding that persons who failed to file timely EEOC charges may opt into a representative ADEA action brought by plaintiffs who did file timely EEOC charges. Second, it contends that the decision conflicts with the conclusions of two circuits, *see Naton v. Bank of California,* 649 F.2d 691, 697 (9th Cir.1981); *McCorstin v. United States Steel Corp.,* 621 F.2d 749, 755–56 (5th Cir.1980), insofar as it concludes that an expressly representative EEOC charge is not a prerequisite to maintenance of a representative action under 29 U.S.C. § 216(b). Third, Ward argues that even if the court ruled correctly on the first two, it erred in finding that the claims of

the "opt-in" plaintiffs are not barred by the statute of limitations.

■ The court disagrees with all three contentions. First, this court's April 14 ruling does not disregard any differences between class actions under Title VII and representative actions under the ADEA. Courts properly rely on interpretations of Title VII for guidance in construing the ADEA, *see Oscar Mayer & Co. v. Evans,* 441 U.S. 750, 754–58, 99 S.Ct. 2066, 2070–72, 60 L.Ed.2d 609 (1979), and have done so with respect to the ADEA's representative action provision, *see Bean v. Crocker National Bank,* 600 F.2d 754, 759–60 (9th Cir.1979). As the court noted at page 1549 of its April 14 opinion, other courts have not required an expressly representative EEOC charge as a prerequisite to maintenance of class actions in Title VII cases and joinder by persons who failed to file their own timely EEOC charges.

■ Ward's second argument requires a review of the holdings of *Naton* and *McCorstin. Naton* held that persons who failed to file timely EEOC charges could not opt into an ADEA action where the plaintiff's EEOC charge did not satisfy the purpose of § 626(d) by putting the Department of Labor and the employer on notice " 'that the discrimination charges encompassed a pattern of unlawful conduct transcending an isolated individual claim and that they should act accordingly.' " 649 F.2d at 697 (quoting *Bean v. Crocker National Bank,* 600 F.2d 754, 760 (9th Cir. 1979)). Here, however, several plaintiffs filed timely EEOC charges sufficient to notify both the EEOC and Ward that the company may have been engaging in systematic age discrimination. Because this notification satisfied the purpose of the ADEA's charge-filing requirement, the court's decision is consistent with *Naton.*

In *McCorstin,* the Ninth Circuit held that the district court acted within its discretion when it found as a factual matter that a particular plaintiff did not purport to sue on behalf of others when he filed an EEOC charge alleging widespread age discrimination. In light of its conclusion that the district court's factual finding was not clearly erroneous, the court declined to consider whether it is possible for persons who failed to file timely EEOC charges to opt into a representative action brought by a plaintiff whose EEOC charge *does* purport to represent similarly situated employees. 621 F.2d at 755–56.

*McCorstin* offers little guidance here, because neither the district court's opinion, 11 Fair Empl.Prac.Cas. 1478 (N.D.Alabama 1974), nor the opinion of the Ninth Circuit, provides details of the plaintiff's EEOC charge. We know only that the plaintiff alleged "widespread discriminatory practices", but not whether he provided details of those practices, not whether the language of his charge plainly encompassed claims of discrimination against other employees, and not whether other employees made similar charges. Here, by contrast, numerous employees filed EEOC charges that made specific factual allegations of discriminatory conduct, and asserted that Ward engaged in similar discrimination against other older employees—some of whom the charges identify by name. *See, e.g.,* EEOC charges of Ronald Aspgren, Thomas Dean, Dolores Foster, Clarence Kuhn, Alfred Lemke, Sterling Nelson, John Wolfe.

■ This circuit has emphasized that EEOC charges must be construed to encompass all claims of discrimination that are "like or reasonably related to the allegations of the charge and growing out of such allegations," *Babrocky v. Jewel Food Co. and Retail Meatcutters' Union, Local 320,* 773 F.2d 857, 864 (7th Cir.1985) (quoting *Jenkins v. Blue Cross Mutual Hospital Insurance, Inc.,* 538 F.2d 164 (7th Cir. 1976) (en banc), *cert. denied,* 429 U.S. 986, 97 S.Ct. 506, 50 L.Ed.2d 598 (1986). This court finds as a matter of fact that, while the multiple timely EEOC charges in this case which specifically allege discrimination against older employees do not *expressly* purport to represent those employees, a reasonable person could draw such an inference from the charges. Thus, in this case a claim on behalf of others of class-wide discrimination is "like or reason-

ably related to the allegations of the charge[s] and growing out of such allegations," *Babrocky, supra.*

Given this finding of fact, *McCorstin* is compatible with the court's conclusion that the ADEA permits persons who failed to file timely EEOC charges to join a representative action brought by a plaintiff whose own EEOC charge was not expressly representative. This is precisely the issue that *McCorstin* declines to reach. 621 F.2d at 756. This court believes it would be inconsistent with the remedial purposes of the ADEA and the Seventh Circuit's concern for pro se litigants to make the availability of representative actions dependent upon whether lay persons, acting without information about the existence of representative actions or the procedures for initiating them, chance upon precise incantations.

■ Finally, the court disagrees with Ward's third contention, that even if it is permissible for persons who failed to file timely EEOC charges to opt into ADEA actions brought by plaintiffs whose EEOC charges were not expressly representative, the statute of limitations bars the claims of the "opt-in" plaintiffs in this case. Ward has been litigating the claims of the opt-in plaintiffs for years, and the recent readjustment of their posture does not prejudice Ward.

The court declines to alter the conclusions of its April 14 opinion.

## CERTIFICATION

The court turns next to Ward's alternative request for an order certifying for interlocutory appeal under 28 U.S.C. § 1292(b) those portions of the April 14 decision which address the charge-filing and statute of limitations issues. Section 1292(b) authorizes an interlocutory appeal of an order not otherwise appealable if the district judge is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."

The questions of law with respect to the claims of the plaintiffs who failed to file timely EEOC charges are controlling, and this court is keenly aware that there is substantial ground for differences of opinion as to their resolution. Nonetheless, the heavy caseload of the court of appeals and the importance of avoiding piecemeal appeals requires district courts to exercise restraint in seeking assistance from above in the resolution of interlocutory disputes.

This court continues to believe that it correctly resolved the piggybacking and statute of limitations issues in its April 14 opinion, and would be disinclined to allow an interlocutory appeal but for two events:

■ First, on August 22, 1986 (in an opinion which neither party has called to the court's attention), the Eighth Circuit held that an EEOC charge must contain some notice of class claims before it may become the basis of a representative ADEA action under § 216(b). *Kloos v. Carter-Day Co.*, 799 F.2d 397, 400–02 (8th Cir.1986). *Kloos* considered this court's April 14 opinion and rejected its reasoning. *Id.* at 400. Because the court's April 14 opinion now is in direct conflict with the law of another circuit, and the Seventh Circuit has yet to address the issue, an interlocutory appeal is appropriate.

Second, simultaneously with its ruling on Ward's present motion, the court has released orders denying Ward's motion for summary judgment on the claims of the Voluntary Separation Program ("VSP") plaintiffs (except with respect to two of those plaintiffs), and denying plaintiff Carl Klech's motion for summary judgment. The claims of many plaintiffs now appear ready for trial, and it is the court's intent to proceed to trial of an initial group of claims—most likely those of the VSP plaintiffs—in the near future. Because it is clear that a joint trial of all plaintiffs' claims is impossible, it is unlikely that an interlocutory appeal will delay the ultimate resolution of this litigation; the court can try many claims unaffected by its April 14 decision while that decision is on appeal.

Accordingly, the court certifies its April 14 decision for interlocutory appeal under 28 U.S.C. § 1292(b) insofar as that decision addresses the following questions:

(1) Is the filing of an expressly representative EEOC charge a prerequisite to maintenance of a representative action under § 216(b) of the ADEA?

(2) May persons who failed to file timely EEOC charges opt into a representative ADEA action brought by a plaintiff wo did file a timely EEOC charge?

(3) Does the three-year statute of limitations on opt-in claims in representative actions bar the continued participation in this action of litigants who became plaintiffs well before the expiration of the statute of limitations, but who altered their status to become opt-in plaintiffs in a representative action after expiration of the limitations period?

IT IS SO ORDERED.