Richard NOWICKI, Sr., and Robert G. Theys, Plaintiffs,

v.

USX CORPORATION, Defendant.

Civ. A. No. 87–1125.

United States District Court,
W.D. Pennsylvania.

Nov. 4, 1987.

Carolyn Spicer Russ, Edward A. Olds, Pittsburgh, Pa., for plaintiffs.

Dawne S. Hickton, Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

COHILL, Chief Judge.

Presently before us is a motion by defendant, USX Corporation, to dismiss plaintiff Robert G. Theys from the above-captioned action. The analysis of the issue presented here is almost like participating in the ancient and revered theological exercise of determining how many angels can dance on the head of a pin (and whether or not they can hold a jamboree).

Theys and his co-plaintiff Richard Nowicki, Sr. are former employees of defendant. Both plaintiffs allege that they were discharged by defendant in violation of (1) certain provisions of the Employee Retirement Security Act ("ERISA"); and (2) the Age Discrimination in Employment Act ("ADEA").[1] Prior to instituting this lawsuit, Mr. Nowicki satisfied the procedural requirements of the ADEA by filing a timely charge with the Equal Employment Opportunity Commission ("EEOC"). Mr. Nowicki's EEOC charge specifically named Mr. Theys as a person similarly situated:

U.S. Steel maintains a practice or policy of laying off employees or failing to recall them in such a way as to avoid paying them the pension benefits due them because of their age. Part of the reason the Respondent selected me for layoff was because I was 26 days short of qualifying for the "Rule of 65" pension. Bob Theys, Class 13, Senior Research Technician, was also 26 days short of 20 years of service. He was also laid off. Terry Smith, Class 11, Research Technician, was 33 days short of 20 years of service with the Company. He was also laid off. The group of employees mentioned here are all over 40 years of age.

*See* Plaintiff's Amended Complaint, Exhibit 1, ¶ IV.

Mr. Theys did not join in the EEOC charge, nor did he file his own charge before the EEOC. Defendant argues that Mr. Theys cannot proceed as a co-plaintiff on the ADEA claim, since he did not satisfy the procedural requirements of the ADEA by filing an EEOC charge. *See* 29 U.S.C. § 626(d). Mr. Theys responds that there is precedent for permitting persons in his position to "opt-in" to class action lawsuits brought by others who did satisfy the procedural requirements of the ADEA. Mr. Theys is, in part, correct.

Section 7(b) of the ADEA [29 U.S.C. § 626(b)] incorporates the representative enforcement provision of the Fair Labor Standards Act ("FLSA"), Section 16(b) [29 U.S.C. section 216(b)]; the representative enforcement provision applicable to FLSA/ADEA provides:

An action ... may be maintained against any employer ... in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.

Although representative enforcement actions under FLSA/ADEA are often described and analyzed in the language of Rule 23 class actions, they are *not* traditional class actions. Representative enforcement actions have very different prerequisites and consequences:

There is a fundamental, irreconcilable difference between the class action described by Rule 23 and that provided for by FLSA § 16(b). In a Rule 23 proceeding a class is described; if the action is maintainable as a class action, each person within the description is considered to be a class member and, as such, is bound by judgment, whether favorable or unfavorable, unless he has "opted out" of the suit. Under § 16(b) of the FLSA, on the other hand, no person can become a party plaintiff and no person will be bound by or may benefit from judgment unless he has affirmatively "opted into" the class; that is, given his written, filed consent. It is clear that § 16(b) precludes pure Rule 23 class actions in FLSA suits.

---

1. In their original complaint, plaintiffs also alleged violations of the Pennsylvania Human Relations Act ("PHRA"). The PHRA allegation is deleted from the amended complaint.

*La Chappelle v. Owens–Illinois, Inc.*, 513 F.2d 286, 288 (5th Cir.1975) (citations omitted); *see also* 3B J. Moore & J. Kennedy, *Moore's Federal Practice* ¶ 23.02[2.–10] (1987). Rule 23 directs the court to issue "the best notice practicable" to all members of the class; any resulting judgment disposes of potential claims by all class members *unless* individuals "opt-out" of the class. Representative enforcement actions under the ADEA/FLSA provisions do not require notice to "other employees similarly situated," and do not automatically dispose of potential claims by those similarly situated employees. 29 U.S.C. § 216(b); *see Lusardi v. Xerox Corp.*, 99 F.R.D. 89, 92 (D.N.J.1983), *appeal dismissed*, 747 F.2d 174 (3d Cir.1984) (notice to "similarly situated" employees is permissible, though not mandatory). Similarly situated employees must "opt-in," by filing written consent with the court. *See, e.g., Bean v. Crocker National Bank*, 600 F.2d 754, 760 (9th Cir.1979).

A number of courts have addressed the issue of whether "similarly situated" employees must individually satisfy the EEOC filing requirements as a prerequisite to opting-in to a representative enforcement action. The courts have generally resolved the issue by permitting representative enforcement actions to proceed, so long as the "named" representatives (1) satisfied the EEOC filing requirements; and (2) gave sufficient notice of a potential class claim in their EEOC charge. *See Mistretta v. Sandia Corp.*, 639 F.2d 588, 594 (10th Cir.1980); *Bean v. Crocker National Bank*, 600 F.2d 754 (9th Cir.1979); *see also Kloos v. Carter-Day Co.*, 799 F.2d 397, 402 (8th Cir.1986) (affirming dismissal of opt-in plaintiffs because administrative charges filed by the class representatives failed to give fair notice of class claims); *Naton v. Bank of California*, 649 F.2d 691 (9th Cir. 1981); *McCorstin v. United States Steel Corp.*, 621 F.2d 749, 755–56 (5th Cir.1980) (affirming denial of class certification on a factual finding by the lower court that the EEOC charge did not purport to include similarly situated employees; the Fifth Circuit Court specifically declined to indicate whether the class could have been "certi-

fied" if the complaint had given notice of others similarly situated); *Anderson v. Montgomery Ward & Co.*, 650 F.Supp. 1476 (N.D.Ill.1987) (certifying to Seventh Circuit Court of Appeals question of whether expressly representative EEOC charge is a prerequisite to representative enforcement lawsuit under the ADEA); *Foster v. CBS Records*, 109 F.R.D. 168 (S.D.N.Y. 1986).

The Third Circuit Court of Appeals has not addressed this issue. However, we are persuaded that the rationale of the Ninth Circuit Court of Appeals is correct:

> [T]he purpose underlying the notice requirement of section 626(d), to allow the Secretary to "promptly seek to eliminate any alleged unlawful practice by informal methods of conciliation, conference, and persuasion[,]" may be met without requiring each potential grievant to file notice of intent to sue. The collective notice to sue filed with the Departmenton February 13, 1975, by several named discharged Crocker employees on behalf of themselves and others similarly situated, alerted the Secretary of possible ADEA violations by Crocker affecting not only those employees whose names appeared on the notice, but also affecting other "older" persons discharged by Crocker at approximately the same time. The Secretary and Crocker were put on notice that the discrimination charges encompassed a pattern of unlawful conduct transcending an isolated individual claim and that they should act accordingly. *See Burgett v. Cudahy Co.*, 361 F.Supp. 617 (D.Kan.1973). Such notice gave the Department the opportunity to informally mediate and conciliate the dispute between Crocker and both named and unnamed complainants before litigation of the grievance commenced. Consequently, Bean's inclusion as a member of the class neither compromises the purpose of the notice of intent to sue nor in any way prejudices Crocker.

*Bean*, 600 F.2d at 760.

Mr. Nowicki's EEOC charge could hardly have been more explicit about the existence of potential claims by "similarly situated"

employees, and by Mr. Theys in particular. We find that Mr. Nowicki's EEOC charge gave sufficient notice of other potential claims to allow him to proceed with a representative enforcement action.

This brings us to the issue of whether Mr. Theys may maintain his status as a co-plaintiff, or "named" plaintiff, on the ADEA count of the complaint. In representative enforcement actions, the courts are generally careful to distingush between "named" and "unnamed" plaintiffs. "Named" plaintiffs, who may bring a representative enforcement action, must have complied with the EEOC prerequisites. *Bean,* 600 F.2d at 759. "Unnamed" plaintiffs may opt-in, and need not have filed with the EEOC. *Id.* at 760. We admit some puzzlement as to the procedural consequences of the distinction between "named" and "unnamed" plaintiffs. The Ninth Circuit Court in *Bean* instructed the district court to dismiss the action against the "unnamed," or "similarly situated" employee who had not filed a charge with the EEOC, yet permit that employee "to participate in the lawsuit as a party similarly situated to the named representative[s]." *Bean,* 600 F.2d at 760. However, other courts have referred to opt-in plaintiffs as "party plaintiffs." In *Burgett v. Cudahy Co.,* the district court explained:

> [T]here are no procedures for the Court to direct notice to the class, or for members to "opt out," or for making the judgment binding on the class. A party desiring to join the action merely gives his consent in writing and such consent is filed in the court in which the action is brought. Such party is thus joined in the action as a party-plaintiff.

361 F.Supp. 617, 622 (D.Kan.1973); *see also La Chappelle,* 513 F.2d at 288 ("no person can become a party plaintiff and no person will be bound by or may benefit from judgment unless he has affirmatively 'opted into' the class"). Our conclusion is that there must be some distinction between those plaintiffs who filed a charge with the EEOC and those who did not. We will adopt the rule set forth by the Ninth Circuit Court of Appeals in *Bean:* opt-in plaintiffs may participate in the lawsuit, but not in the role of co-plaintiffs.

Plaintiffs' Amended Complaint does not purport to bring a representative enforcement action under the ADEA. Nor has Mr. Theys filed his written consent to "opt-in" to this action. We recognize that Mr. Theys' participation as a plaintiff is voluntary and is indicative of his consent. However, because we must respect the distinction between "named" representatives who have filed an EEOC charge, and "similarly situated" employees who did not satisfy the EEOC prerequisites, we conclude that Mr. Theys may not remain a "named" co-plaintiff on the ADEA claim. We will dismiss the ADEA claim as to Mr. Theys only. If the ADEA claim is converted to a representative enforcement action, Mr. Theys may enter his written consent and participate as a "similarly situated" party. *See Anderson v. Montgomery Ward & Co.,* 631 F.Supp. 1546, 1550–51 (N.D.Ill.1986), *reconsidered* 650 F.Supp. 1480 (N.D.Ill. 1987).

The result admittedly seems a little strange: a potential representative enforcement action in which a single plaintiff purports to represent no more than two "similarly situated" colleagues, only one of whom has displayed any interest in "opting into" the lawsuit. A "class" this size would not likely be certified under Rule 23 of the Federal Rules of Civil Procedure. Yet this is not a Rule 23 class action. We are satisfied that the result is consistent with the purpose and judicial interpretation of FLSA/ADEA enforcement actions. We cannot prohibit a representative enforcement action, and bar Mr. Theys' participation, simply because there are not a larger number of "similarly situated" persons.

Thus, we conclude that under proper circumstances, two angels are enough to conduct a dance on the head of this pin.

### ORDER

AND NOW, to-wit, this 4th day of November, 1987, for the reasons stated in the foregoing Memorandum Opinion, it is hereby ORDERED, ADJUDGED, and DE-

CREED that the motion to dismiss filed by defendant, USX Corporation, be and hereby is GRANTED as to the Age Discrimination in Employment Act ("ADEA") claim of plaintiff Robert G. Theys only, without prejudice to said Robert G. Theys to opt-in as a "similarly situated party" should the ADEA claim be converted to a representative enforcement action.