**Richard F. DURANT, et al., Plaintiffs,**

v.

**MAHER CHEVROLET, INC.,
Defendant.**

**No. 90–510–CIV–T–17(C).**

United States District Court,
M.D. Florida,
Tampa Division.

March 13, 1991.

Nancy Kane Donnellan, Demanio & Young, P.A., Sarasota, Fla., for plaintiffs.

George Barford, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, Fla., for defendant.

## ORDER ON MOTIONS

KOVACHEVICH, District Judge.

The cause is before the Court on the following motions, responses and pleadings:

1. Stan Stapleton's motion for leave to join as party plaintiff, filed August 30, 1990. (Docket No. 10).

2. Defendant's opposition to motion for leave to join, filed September 10, 1990. (Docket No. 14).

3. Plaintiffs' reply to opposition to motion for leave to join, filed September 20, 1990. (Docket No. 16).

4. Plaintiffs' motion for leave to file an amended complaint, filed October 31, 1990. (Docket No. 22).

5. Defendant's motion to dismiss amended complaint, filed November 13, 1990. (Docket No. 24).

6. Defendant's motion for partial summary judgment and in the alternative a motion to dismiss for failure to join an indispensable party, filed December 6, 1990. (Docket No. 27).

7. Defendant's affidavits in support of motion for partial summary judgment, filed December 10, 1990. (Docket No. 28).

8. Plaintiffs' response to motion to dismiss amended complaint, filed December 13, 1990. (Docket No. 29).

9. Plaintiff Richard F. Durant's response to motion for partial summary judgment or motion to dismiss, filed February 1, 1991. (Docket No. 32).

10. Plaintiffs' affidavits in support of response to motion for partial summary judgment, filed February 15, 1991. (Docket No. 33).

## STANDARDS OF REVIEW

This circuit clearly holds that summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the nonmoving party. *Sweat v. Miller Brewing Co.*, 708 F.2d 655 (11th Cir.1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Hayden v. First National Bank of Mt. Pleasant,* 595 F.2d 994, 996–7 (5th Cir.1979), quoting *Gross v. Southern Railroad Co.,* 414 F.2d 292 (5th Cir.1969). Factual disputes preclude summary judgment.

The Supreme Court of the United States held, in *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986):

In our view the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id. at 322, 106 S.Ct. at 2552, 91 L.Ed.2d at 273.

The Court also said, "Rule 56(e) therefore requires that nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,'

designate 'specific facts showing there is a genuine issue for trial.'" *Celotex Corp.,* at 324, 106 S.Ct. at 2553, 91 L.Ed.2d at p. 274.

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

The Court has determined that the proceedings in this cause of action require the granting of two (2) of the pending motions. Plaintiffs made motion to this Court to add Stanley Stapleton as a plaintiff and a motion to file an amended complaint which included Mr. Stapleton, and others, as plaintiffs. Rather than respond to the motion to file an amended complaint, Defendant filed an answer to the amended complaint, a motion to dismiss that complaint, and later a motion for summary judgment. The Court will therefore grant the motions to join a party defendant and motion to amend complaint *nunc pro tunc* to the date of the motions.   .

MOTION TO DISMISS (DOCKET NO. 24)

The amended complaint names the following plaintiffs: Richard F. Durant, Russell C. Kullman, Sr., Hubert C. Coffey, Wesley J. Root, Robert A. McLaren, Richard J. Weale, Gerald R. Holley, Stanley Stapleton, Floyd D. Schuler, Jerry W. Page, Jack M. Larry, and William A. Dotson. Defendant moves to dismiss the claims of Jack M. Larry, Floyd D. Schuler, Jerry W. Page, William A. Dotson, and Stanley Stapleton.

The amended complaint alleges that the action arises under § 7 of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq.* and Chapter 760.01, *et seq.,* Florida Statutes (1989). The amended complaint admits that Plaintiffs Schuler, Page, Larry and Dotson did not file charges with the Equal Employment Opportunity Commission (EEOC), but allege that they satisfied the notice requirement of 29 U.S.C. § 626(d), the single filing rule, and that the charges of the amended complaint contain class allegations.

As to Plaintiffs Larry, Schuler, Page, and Dotson (designated non-filers) Defendants pose the question, and assert the answer in the negative, whether the non-filers may become co-plaintiffs here when they did not file a charge with the EEOC and those who did file a charge did not plead in the amended complaint that it is brought on behalf of "similarly situated employees" and who did not comply with 29 U.S.C. § 626(d).

■ The ADEA is a remedial statute and should be construed liberally to give full recognition of the remedial aspect. The statute allows grievants who have complied with § 626(d) to bring representative actions for "similarly situated" employees who have not filed individual notices of intent to sue. The remedial aspects of the ADEA are best served by interpreting 29 U.S.C. § 216(b) to permit the joining of similarly situated persons as long as a named plaintiff has complied with the notice requirements of § 626(d). *Bean v. Crocker National Bank,* 600 F.2d 754 (9th Cir.1979). (The notice by several named employees put the commission and the employer on notice of a pattern of unlawful conduct, transcending an isolated individual claim).

In some cases, courts have allowed "similarly situated" employees to proceed, even where they did not individually satisfy the EEOC filing requirements, so long as the "named" representatives: 1) satisfied the EEOC filing requirements and 2) gave sufficient notice of a potential class claim in the EEOC charges. *Nowicki v. USX Corp.,* 672 F.Supp. 854, 856 (W.D.PA 1987). Some courts distinguish between "named" plaintiffs and opt-ins, by finding the opt-in plaintiff may participate in the lawsuit, but not in the role of a co-plaintiff and "named" plaintiffs have been held to be required to have complied with the EEOC prerequisites. *Id.,* at 857.

However, in *Anderson v. Montgomery Ward & Co., Inc.*, 852 F.2d 1008 (7th Cir. 1988), the court concluded that the ADEA did not require that "every individual who files a suit under ADEA also must have filed an individual charge,"

> [W]e believe it is necessary that the defendant at least be apprised during the conciliation process of the possibility of a subsequent lawsuit with many plaintiffs. Therefore, in our view, the charge must, at the very least, contain an allegation of class-wide discrimination.

*Id.*, at 1016. In the *Anderson* case the non-filing plaintiffs were allowed to join as plaintiffs to the action. The court determined that the plaintiffs who did not file timely charges could rely on the charge of another plaintiff in either a class action *or* in a multiple plaintiff joint action and that in a multiple plaintiff action there was no need to participate in a representative action. *Id.*, at 1018.

■ At least three (3) of the charges filed with the EEOC contained allegations of class-wide discrimination: "I believe the company terminated mainly persons over the age of 50," "I believe the company is making a concerted effort to get rid of all older workers" and "I believe that the company is replacing all its older workers with younger people." The notice requirement has been satisfied.

The Court adopts the reasoning of the *Anderson* case and finds that it was not necessary for Plaintiffs to file a representative suit. The non-filers, Larry, Schuler, Page, and Dotson, may join as plaintiffs in the joint action based on the filings of the co-plaintiffs, Durant, Coffey and Weale.

> [T]he requirement that plaintiffs in a representative action file a written consent with the district court applies only to those parties who are not named as plaintiffs in the complaint. As the court said in *Allen:* "We conclude that parties named in a suit, who have hired a lawyer to file a complaint on their behalf, have clearly indicated their consent to suit. The statute does not require additional time-and-resource-consuming filings."

*Anderson*, at 1018. As in *Anderson*, the Plaintiffs here are named in the amended complaint, have hired an attorney, and are participating in the litigation. The Court finds that the motion to dismiss Plaintiffs Larry, Schuler, Page, and Dotson should be denied.

■ In moving to dismiss Stanley Stapleton from the amended complaint, Defendant asserts that he was discharged by its predecessor, Ross Chevrolet. Defendant relies in part on documents beyond the complaint. For the Court to consider the Agreement for Purchase and Sale of Assets, the motion would have to be converted to a motion for summary judgment. The Court declines to do so at this juncture. Rather, based only on the amended complaint, as is appropriate in a motion to dismiss, the Court cannot state that there is no set of facts upon which a claim could be based.

## MOTION FOR PARTIAL SUMMARY JUDGMENT (DOCKET NO. 27)

■ The motion for partial summary judgment is relevant only to the claims of Plaintiff Richard F. Durant. The basis of the motion is that Durant never had an employment relationship with Defendant, thereby failing to satisfy a critical element of the ADEA.

The following facts are relied on by Defendant to establish its claim of the appropriateness of a summary judgment as to Mr. Durant's claims:

1. Richard F. Durant was hired by Ross Chevrolet, Inc. (Ross), in January 1983, and his position with Ross was Finance & Insurance Manager. On September 23, 1988, he was discharged by Robert Trowler, sales manager for Ross and later General Sales Manager for Defendant.

2. The EEOC issued a determination on March 7, 1990, regarding Durant's charge of discrimination. The EEOC found that Durant was not an employee of Defendant Maher Chevrolet, Inc. (Maher), but was employed by Ross and discharged by a Ross employee three (3) days prior to Defendant's purchase of the dealership. This decision was not appealed.

3. Durant bases his claim of employment with Maher on: 1) a fifteen (15) minute conversation with Michael B. Meagher, President of Maher, concerning what would be expected from the Finance & Insurance Managers and 2) at the time of the discharge Mr. Trowler said that Mr. Meagher wanted to make some changes.

4. Meagher did not state to Durant that he was being hired. Durant did not recall getting a check from Maher; did not get any W–2 form from Maher; and did not work on any documents signifying that Maher was his employer.

5. Maher entered in an Agreement for Purchase and Sale of Assets which stated that the closing would take place on September 28, 1988, or such other time as agreed to in writing. Maher was to have joint management powers with Ross from September 24, 1988, to the date of closing.

Plaintiff Durant in response to the motion asserts that there are genuine issues of fact relevant to the question of whether or not there was an employer/employee relationship between Maher and Durant. Durant makes the following contentions:

1. Meagher told Trowler that he was going to bring down his own Finance & Insurance Manager. Trowler then asked Meagher if he wanted him to make room for that man and Meagher said that would be fine.

2. It was Mr. Meagher's understanding that Mr. Trowler made the decision to terminate Durant based on that statement. Mr. Trowler's motivation in the situation was to indicate to Meagher that he had the "motivation and ability to perform the general sales manager job in a manner that would be beneficial to his business."

3. Meagher was present at the dealership on several occasions prior to Durant's termination, was introduced by Trowler as the new owner, and met with Durant to discuss how the department was to be run.

4. In a general meeting of managers, prior to the meeting discussed in paragraph 3, Durant and others were told of the employee benefits they would receive from Maher and were directed to fill out employment applications for Maher.

5. When he was discharged on September 23, 1988, Durant was told by Trowler that Meagher was making changes at the dealership. When asked if Durant could stay on as a new car salesman, Trowler said Maher was looking for people with more energy.

6. The former owner Marion B. Ross, had no part in the decision to terminate Mr. Durant and states that Trowler was not acting on his behalf in the termination.

The Court has examined the motion and response and determined that Plaintiff Durant has carried his burden of establishing genuine issues of material fact exist and cites with approval the memorandum in opposition to the motion. The Court will deny the motion for summary judgment.

█ The final issue raised by Defendant is whether or not Mr. Durant's claim should be dismissed for failure to join an indispensable party. Defendant's arguments are almost identical to the argument on motion for partial summary judgment, the lack of employer/employee relationship. The Court cannot find that the cause of action should be dismissed for failure to join an indispensable party. If the fact-finder ultimately determines that there is no employer/employee relationship between Maher and Durant, the cause does not require the presence of Ross. The result would be verdict and judgment in favor of Maher. Whereas, if it is determined that Maher had an employment relationship with Durant, Ross is superfluous to the action. Accordingly, it is

ORDERED that the motion to join a party plaintiff be granted *nunc pro tunc* to September 20, 1990; motion for leave to file an amended complaint be granted and the amended complaint be filed *nunc pro tunc* to October 31, 1990; the motion to dismiss (Docket No. 24) be denied; and the motion for partial summary judgment and in the alternative a motion to dismiss for failure to join an indispensable party be denied.

DONE and ORDERED.