Gabriel **VENERO**, Plaintiff,

v.

**CITY OF TAMPA, FLORIDA, et al., Defendants.**

No. 93–410–Civ–T–17A.

United States District Court, M.D. Florida, Tampa Division.

Sept. 23, 1993.

Barry A. Cohen, Barry A. Cohen, P.A., Tampa, FL, for plaintiff.

Thomas M. Gonzalez, Gregory Alan Hearing, Thompson, Sizemore & Gonzalez, Tampa, FL, for defendants.

## ORDER

KOVACHEVICH, District Judge.

This cause is before the Court on Defendants' motion to dismiss (Docket No. 6) and response thereto (Docket No. 7).

When the sufficiency of a claim is being evaluated for purposes of a motion to dismiss, the Court must accept the allegations as true, viewed in the light most favorable to Plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). The motion to dismiss should not be granted unless Plaintiff would not be able to prove any set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson* 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957). Where Defendants have submitted matters outside the pleadings in addition to their motion to dismiss, Rule 12 of Federal Rules of Civil Procedure states the Court shall treat the motion as one for summary judgment under Rule 56. However, if the Defendants failed to request a motion for summary judgment in the alternative, then the Court is restricted to treat the motion as one for dismissal of Plaintiff's claim and is precluded from considering matters outside the pleadings. *Durant v. Maher* 759 F.Supp. 787, 790 (M.D.Fla.1991).

Plaintiff, Major Gabriel Venero brings this action against the City of Tampa for damages and equitable relief under 42 U.S.C. Section 1983 for deprivation under the color of law without due process of law under the Fourteenth Amendment. Plaintiff states his claim by alleging constructive discharge from the Tampa Police for his use of the term "nigger" in reference to a baseball league.

Plaintiff states that on the evening of October 26, 1991, he was on official duty patrolling the area near the Marti Maceo Club in Ybor City. On that evening, the Marti Maceo was hosting a reunion for former members of a defunct baseball league which consisted of minority players. Plaintiff alleges that when this club was active in the 1940's, it was commonly referred to as the Black League or the "Nigger" League. As Plaintiff approached the club, one of his colleagues

asked him if he knew what activity was being held at the club. Plaintiff responded that the club was hosting a reunion of the "Nigger" League.

On October 30, Plaintiff was ordered by Tampa Police Chief Tom DePollis to report to the Tampa Public Safety Administrator Robert Smith. Plaintiff alleges that upon Smith's inquiry into the incident involving Plaintiff's use of the racial term, Plaintiff disclosed the details of the incident. Plaintiff then alleges that Smith stated Plaintiff would be dismissed for the use of the subject term according to the policies of the City of Tampa, as there were no mitigating circumstances under such policies for Plaintiff to receive disciplinary action less than dismissal. Immediately after giving Plaintiff this advice, Plaintiff alleges Smith suggested that if Plaintiff were to resign, Plaintiff would receive a favorable recommendation, deletion of any record of the incident or complaint from his personnel file, and assurance of confidentiality concerning the incident. If Plaintiff failed to resign, Smith allegedly stated that Plaintiff would not receive a favorable recommendation for future employment; the incident would be recorded in Plaintiff's personnel file; and, the incident would be made public. On November 1, 1991, Plaintiff resigned from the Tampa Police Department.

█ Upon these allegations, Plaintiff asserts that his resignation was involuntary since he was given the option of dismissal or resignation. Plaintiff further asserts that an involuntary resignation is viewed as termination, since as a non-probationary police officer, he had a reasonable expectation of continued employment under the "Police Officer's Bill of Rights" contained in Florida Statutes Section 112.532. Such statutory rights have been recognized as giving a police officer a property right through a reasonable expectation of continued employment. *Kamenesh v. City Of Miami* 772 F.Supp. 583, 588 (S.D.Fla.1991). In the first count of his complaint, Plaintiff alleges that the termination by involuntary resignation constituted deprivation of his property interest without affording him his rights of due process under the Fourteenth Amendment.

In the second count, Plaintiff alleges the City of Tampa denied him his right to free speech under the First Amendment by terminating for his use of the term "nigger" in reference to a baseball league. Finally, in the third count, Plaintiff alleges that the City of Tampa denied him his rights under Florida Statutes Section 112.532 to a proper investigation of the charges prior to dismissal and the right to be informed of the complainants. Plaintiff alleges that the City Of Tampa violated Florida Statutes Section 112.532 by making threats of dismissal during questioning and offers of reward for Plaintiff's resignation.

█ Employee resignations are presumed to be voluntary. Plaintiff must overcome this presumption by showing with sufficient evidence that the resignation was submitted under duress. The test for whether an employee was under duress to resign is that one side involuntarily accepted the terms of the other side, the circumstances permitted no other alternative, and the said circumstances were the result of coercive acts of the opposing side. *Christie v. U.S.* 518 F.2d 584, 587 (Ct.Cl.1975). However, the court in *Christie* states that the voluntariness of resignations has been upheld where they are submitted for purposes of avoiding threatened termination for cause. *Christie*, 518 F.2d at 588. Plaintiff's claim of involuntary resignation due to the option given to him between dismissal and resignation fails to entitle him to relief.

█ In another case, the court states a test to determine if the employee's resignation is voluntary. The first factor is whether the employee is given some alternative; second, whether he understood the nature of the choice he was given; third, whether he was given a reasonable time in which to choose; and fourth, whether he was permitted to select the effective date of his resignation. *Stone v. University of Maryland Medical System Corp.*, 855 F.2d 167, 174 (4th Cir. 1988).

█ In deciding whether the employee was given an alternative, the court can consider the employee's personal knowledge of reasonable alternatives and if the employee

**1460**

is aware of such alternatives, no duress is present. The employee can also be held to have a constructive knowledge of agency rules and policies. *McLaughlin v. State of Florida, Department of Natural Resources,* 526 So.2d 934, 939 (Fla. 1st DCA1988). Plaintiff had worked with the Tampa Police Department for 26 years, advancing from a patrolman to become a major, making it probable that he knew what his rights were under the policy of the Tampa Code as well as those in the "Police Bill of Rights" contained Florida Statutes Section 112.532. Therefore, he can be held to have at least a constructive knowledge of the alternatives provided by such policies and was not restricted to the alternatives allegedly suggested by Smith. Thus, Plaintiff's claim fails to meet the second factor of whether he understood his choices due to the duration of his employment with the Police Department and his superior rank. The third factor in deciding whether Plaintiff's resignation was voluntary is the amount of time he was given, a reasonable time to decide to resign. Plaintiff does not allege that Smith forced an immediate answer and does not supply a different date of resignation than that found in Defendant's motion which means he resigned two days after the meeting with Smith. Thus, Plaintiff had time to think and reason before making the decision to resign. Finally, Plaintiff does not allege that an effective date of resignation was forced on him.

Thus, Plaintiff has failed to state a claim of involuntary resignation which would entitle him to recover due to his termination of employment with the City of Tampa. The Court dismisses Count I of Plaintiff's complaint.

Since Count I is found to be insufficient to state a claim of involuntary resignation, Plaintiff's termination must be seen as the result of an act of voluntary resignation. Therefore, Count II fails to state a claim because there must state action to sustain a claim of deprivation of due process under the Fourteenth Amendment. Under the alleged facts of his complaint, Plaintiff's termination of employment must be presumed voluntary and not caused by state action.

 Count III states a claim under Florida Statutes Section 112.532(f) since this provision prohibits threats and offers of rewards as inducements to answer questions.

Accordingly, it is so **ORDERED** that the motion to dismiss (Docket No. 6) be **granted** as to Counts I and II but be **denied** as to Count III. Defendants shall have ten (10) days from the date of this order to answer the remaining count of the complaint.

**DONE AND ORDERED.**