47 F.3d 302
 67 Fair Empl.Prac.Cas. (BNA) 317
 Richard ANDERSON; Robert Eggan; Carl Englehorn; Norris
Nielsen; Timothy Wandersee; Donald Woods; Peter
Lowry, Plaintiffs-Appellants,
v.
UNISYS CORPORATION, doing business as Remington Rand Univac,
doing business as Sperry Univac, doing business as
Sperry, doing business as Unisys, doing
business as Paramax Systems,
Defendant-Appellee.
 No. 94-1363.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Oct. 13, 1994.
Decided Feb. 14, 1995.
 
 Douglas P. Kempf, Bloomington, MN, argued, for appellant.
 Thomas M. Sipkins, Minneapolis, MN, argued (Joseph G. Schmitt, on the brief), for appellee.
 Before McMILLIAN, Circuit Judge, LAY, Senior Circuit Judge, and BOWMAN, Circuit Judge.
 LAY, Senior Circuit Judge.
 
 
 1
 Richard Anderson commenced this action against Unisys Corporation ("Unisys") for age discrimination under the Age Discrimination in Employment Act ("ADEA") and state anti-discrimination statutes. Several other former Unisys employees later joined the suit. The district court dismissed the state and federal claims of all the plaintiffs, except Anderson and Nielsen, for failure to comply with the statute of limitations. It then dismissed Anderson and Nielsen's state claims. Finally, it granted Unisys's motion for summary judgment on the federal claims of Anderson and Nielsen, finding they had failed to timely file an administrative charge and that there was no basis on which to equitably toll the filing deadline. We reverse in part, affirm in part, and remand for further proceedings.
 
 BACKGROUND
 
 2
 Unisys laid off Anderson[1] and several other employees in the company's Software Engineering Division on April 2, 1990.[2] Anderson, who was forty-nine years old when he was laid off, filed administrative age discrimination charges with the Minnesota Department of Human Rights ("MDHR") and the Equal Employment Opportunity Commission ("EEOC") on March 25, 1991.[3] Nielsen never filed a charge with the MDHR or the EEOC. The other discharged employees retained counsel and also eventually filed charges with the MDHR.[4]
 
 
 3
 Anderson filed a pro se complaint in federal district court on February 10, 1992.[5] This complaint was never served on Unisys. All other plaintiffs, with the exception of Nielsen, consulted an attorney and decided not to pursue an action against Unisys, allowing the statute of limitations to run on their federal and state claims.
 
 
 4
 On June 9, 1992, with the assistance of counsel, Anderson filed an amended complaint that was served on Unisys. In his second complaint, he alleged that the other employees also had been terminated in violation of the ADEA and state law. He sought certification as a class action under 29 U.S.C. Sec. 216(b) (1988).[6]
 
 
 5
 On March 25, 1993, the district court ruled that class certification was not warranted, but stated it would permit the other plaintiffs to join as individual parties.[7] The court also addressed Unisys's argument that Anderson's ADEA action was barred for failure to file a timely administrative charge with the EEOC. Anderson claimed that the administrative filing period should be equitably tolled because he had been misled by Unisys and the MDHR, or in the alternative, because Unisys had failed to post a notice of employees' rights under the ADEA in an accessible location as required by law.[8]
 
 
 6
 In August 1993, Unisys filed a motion to dismiss all plaintiffs, except Anderson and Nielsen, because they had received right-to-sue letters from the EEOC and MDHR, but failed to file suit within the federal and state statutes of limitations after consulting an attorney and making a deliberate decision not to sue. The court granted the motion and dismissed their claims. The court also dismissed the state claims of Anderson and Nielsen for failure to commence suit within the time allowed under the state statutes of limitations.
 
 
 7
 These rulings left only Anderson and Nielsen's federal claims viable. The district court initially denied Unisys's motion for summary judgment on those claims, finding a genuine issue of material fact as to whether the administrative filing period should be equitably tolled because Unisys had failed to adequately post notice of employee rights under the ADEA. On December 1, 1993, however, Unisys asked the court to reconsider its denial of summary judgment based on newly discovered evidence that it had posted notice of employees' rights under the ADEA in the very building where Anderson worked.[9] In late December 1993, the court granted Unisys's motion for reconsideration based on that evidence and entered summary judgment in its favor. Anderson and his fellow plaintiffs appeal the dismissal of the federal claims of all plaintiffs except Anderson and Nielsen, the dismissal of all state claims, and the adverse entry of summary judgment on the remaining federal claims.
 
 TIMELINESS OF ANDERSON'S ADEA CLAIM
 
 8
 It is undisputed that Anderson failed to file a charge with the EEOC 300 days after April 2, 1990, the date he was notified of his discharge. The administrative deadline is not a jurisdictional limitation, however, but operates in the nature of a statute of limitations and is subject to equitable tolling and estoppel. See Zipes v. Trans World Airlines, 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982) (holding that administrative filing period under Title VII is subject to waiver, estoppel, and equitable tolling); Heideman v. P.F.L., Inc., 904 F.2d 1262, 1265 (8th Cir.1990) (holding administrative filing period under ADEA subject to equitable tolling), cert. denied, 498 U.S. 1026, 111 S.Ct. 676, 112 L.Ed.2d 668 (1991); DeBrunner v. Midway Equip. Co., 803 F.2d 950, 952 (8th Cir.1986) (finding ADEA filing requirement subject to equitable tolling). Anderson offers several alternative arguments for tolling the 300-day EEOC administrative filing period. Because we find his claim that the letter he received from the MDHR was misleading sufficient to justify equitably tolling the filing period, we need not address the remainder of his arguments.
 
 
 9
 Anderson first contacted the MDHR about the possibility of filing an administrative charge in the fall of 1990. The first letter he received from the MDHR stated that he had one year from the date of the discriminatory action to file an administrative discrimination charge with the MDHR and that if the "charge alleges a violation of the federal laws ... the Department will also file it with the [EEOC]...." The form made no mention of the fact that the administrative filing deadline with the EEOC was 300 days rather than one year. Anderson claims this letter led him to believe that the federal and state deadlines were the same, one year from the date of the discriminatory action.
 
 
 10
 The district court found that representations made by the MDHR are insufficient as a matter of law to equitably toll the administrative filing period because this Court has previously held that "[e]quitable tolling arises upon some positive misconduct by the party against whom it is asserted."[10] Heideman, 904 F.2d at 1266 (quoting DeBrunner, 803 F.2d at 952) (emphasis added); Kriegesmann v. Barry-Wehmiller Co., 739 F.2d 357, 359 (8th Cir.), cert. denied, 469 U.S. 1036, 105 S.Ct. 512, 83 L.Ed.2d 402 (1984); see also Miller v. Runyon, 32 F.3d 386, 390 (8th Cir.1994) (implying that only employer misconduct justifies equitable tolling). We feel the district court's reliance on this language, although understandable, fails to read this statement in the limited context of the facts presented. In each of the cases using that language, the plaintiff claimed the employer had failed to post information about employees' rights under civil rights statutes. Equitable tolling is permissible in other situations as well. In Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151, 104 S.Ct. 1723, 1725-26, 80 L.Ed.2d 196 (1984), the Supreme Court outlined several circumstances that may justify equitable tolling of a limitations period. These include cases:
 
 
 11
 in which a claimant has received inadequate notice ...; or where a motion for appointment of counsel is pending ...; or where the court has led the plaintiff to believe that she had done everything required of her.... [or] where affirmative misconduct on the part of a defendant lulled the plaintiff into inaction.
 
 
 12
 Id. (citations omitted).
 
 
 13
 It is clear that equitable tolling is premised on the plaintiff's excusable neglect, which may or may not be attributable to the defendant.[11] Other circuits, as well as our own, have held that when an administrative agency misleads a complainant, particularly one who is without the benefit of counsel, equitable tolling may be justified.[12] See, e.g., Warren v. Department of the Army, 867 F.2d 1156, 1160-61 (8th Cir.1989) (permitting equitable tolling of the statute of limitations in Title VII action in part because of misleading right-to-sue letter issued by EEOC); Early v. Bankers Life & Casualty Co., 959 F.2d 75, 81 (7th Cir.1992) (citing misleading conduct by the EEOC as a basis for equitable tolling); Blumberg v. HCA Management Co., 848 F.2d 642, 644 (5th Cir.1988) (finding that misleading information from the EEOC may justify equitable tolling), cert. denied, 488 U.S. 1007, 109 S.Ct. 789, 102 L.Ed.2d 781 (1989); Martinez v. Orr, 738 F.2d 1107, 1111-12 (10th Cir.1984) (finding equitable tolling appropriate where notice from EEOC misled pro se claimant regarding the finality of EEOC action).
 
 
 14
 Unisys urges that Anderson cannot rely on the letter from the MDHR as a basis for equitably tolling the administrative filing period because the letter does not contain any misinformation or misrepresentations, but merely fails to include all relevant information. We disagree. In Warren, a federal employee brought suit against the wrong defendant because a letter from the EEOC did not make clear the correct party to be sued. As in this case, the letter did not make any affirmative misrepresentations, but rather used ambiguous and misleading language. We are convinced that the letter Anderson received from the MDHR, like the letter Warren received from the EEOC, would easily mislead a claimant unassisted by counsel. As previously mentioned, the MDHR was acting as the agent of the EEOC in issuing the letter. We conclude the MDHR's representation that the deadline was one year would lead a reasonable person to believe that the represented deadline governed the filing of both the federal and state administrative charges. On that basis, we find the letter sufficient to equitably toll the federal limitations period in this case.[13]
 
 JOINDER OF ADDITIONAL PLAINTIFFS
 
 15
 We next consider whether the district court erred in dismissing all plaintiffs except Anderson and Nielsen for failure to file a timely suit after they received their right-to-sue letters. Anderson's amended complaint filed in June 1992 alleged for the first time that Unisys had also discriminated against several other employees on the basis of age and sought to join these other plaintiffs in a representative action under 29 U.S.C. Sec. 216(b). The district court refused to certify the suit as a representative action, but permitted these additional plaintiffs to join as individual parties.
 
 
 16
 Later, Unisys filed a motion to dismiss all plaintiffs, except Anderson and Nielsen, on statute-of-limitations grounds because they had received right-to-sue letters from both the MDHR and EEOC, consulted an attorney, and deliberately failed to file suit within the requisite number of days after receiving their letters. Thus, Unisys claimed that both the federal and state statutes of limitations had run on all of the claims except those of Anderson and Nielsen.[14] The district court refused to permit the sixth amended complaint, which joined the additional parties, to relate back to the first, except with respect to plaintiff Nielsen, because of prejudice to Unisys. On that basis, it dismissed the claims of all plaintiffs except Anderson and Nielsen. The district court reasoned that those plaintiffs who had received their right-to-sue letters and thereafter deliberately decided not to file suit within the statute of limitations should be dismissed, but that Nielsen could continue to pursue his ADEA claim. We agree with the district court that the failure of those plaintiffs to file suit within ninety days after the receipt of their right-to-sue letters precludes them from joining Anderson's suit. They were given an opportunity to bring suit upon the issuance of the right-to-sue letter and failed to timely do so.
 
 
 17
 Nevertheless, appellants urge the district court erred in failing to follow the Supreme Court's decision in American Pipe & Constr. Co. v. Utah, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974), and claim that case should control the outcome here. In American Pipe, the Court held:
 
 
 18
 [W]here class action status has been denied solely because of failure to demonstrate that "the class is so numerous that joinder of members is impracticable," the commencement of the original class suit tolls the running of the statute for all purported members of the class who make timely motions to intervene after the court has found the suit inappropriate for class action status.
 
 
 19
 Id. at 552-53, 94 S.Ct. at 766 (quoting Fed.R.Civ.P. 23(a)). Appellants' reliance on the American Pipe rule is misplaced. In American Pipe, the Court stressed the rule was "in no way inconsistent with the functional operation of a statute of limitations" because "[w]ithin the period set by the statute of limitations, the defendants have the essential information necessary to determine both the subject matter and size of the prospective litigation...." Id. at 554-55, 94 S.Ct. at 767. Here, the statute of limitations had run on the claims of all the parties who had received right-to-sue letters, with the exception of Anderson, before Anderson ever purported to file on behalf of a class of similarly situated employees in June 1992. Unisys therefore did not know it was facing multiple litigants in a representative suit until after both the state and federal statutes of limitations had run. The American Pipe rule does not operate to revive stale claims, but rather tolls the limitations period on viable claims while the trial court determines the parameters of the class in any possible class action. Thus, the district court did not err in failing to apply the American Pipe rule.
 
 
 20
 Unisys did not move the district court to dismiss Nielsen's ADEA claim on statute-of-limitations grounds, and has not suggested we do so here. It is somewhat ironic, however, that Nielsen, who did not even file an administrative charge, is permitted to continue in this action while the others have been dismissed, and we believe that result requires a brief explanation. As we already indicated, the Civil Rights Act of 1991 altered the statute of limitations in ADEA cases. See supra note 14. The new statute of limitations is ninety days from the receipt of a right-to-sue letter from the EEOC. 29 U.S.C. Sec. 626(e) (Supp.1993). Nielsen never received a right-to-sue letter because he did not file an administrative charge.
 
 
 21
 Our decision in Kloos v. Carter-Day Co., 799 F.2d 397, 400 (8th Cir.1986), permitted plaintiffs who had not filed administrative charges to "piggyback" on the timely filing of an administrative charge filed by another claimant who purported to represent the interests of a class of similarly situated employees. We held "it is sufficient for one or more plaintiffs to the action to have properly filed a charge." Id. For those plaintiffs who have never filed an administrative charge and who are allowed to piggyback on the filed claim of another, we deem it reasonable to permit them to join suit as long as the claimant on whose administrative filing they have relied timely files suit after receiving right-to-sue letters from the state and federal agencies.
 
 
 22
 Those plaintiffs who do file administrative charges, however, should be bound by the statute of limitations, which is normally stated in the right-to-sue letter. Even if those plaintiffs are piggybacking on another employee's timely administrative charge, once they file separate administrative charges, they cannot rely any further on the other claimant's actions and must timely file suit after receiving their right-to-sue letters. Thus, any claimant who files an administrative charge and receives a right-to-sue letter from the EEOC must file suit within ninety days after receiving that letter to preserve the cause of action.
 
 STATE CLAIMS
 
 23
 Finally, we affirm the district court's dismissal of the state claims of Anderson and Nielsen. Anderson filed his original complaint in February 1992, but it was never served on Unisys. The first amended complaint was served on Unisys in June 1992. Under Federal Rule of Civil Procedure 3, an action is commenced upon the filing of the complaint. Under the comparable Minnesota state procedural rule, however, an action is commenced upon service of process. Minn.R.Civ.P. 3.01. If the federal rule governed, the state claims were timely filed. The district court applied the state rule, however, upon the following reasoning:
 
 
 24
 In Walker v. Armco Steel Corp., 446 U.S. 740 [100 S.Ct. 1978, 64 L.Ed.2d 659] (1980), the Supreme Court held that in diversity cases, if state law requires service to commence an action, state law, and not Federal Rule 3, governs for purposes of state statute of limitations. "The only difference between this case and Walker is that here, the plaintiffs allege both state and federal causes of action, whereas Walker was based on claims under state law and jurisdiction thus was premised solely on diversity of citizenship." Appletree Square 1 Ltd. v. W.R. Grace & Co., 815 F.Supp. 1266, 1272 (D.Minn.1993). There is no logical reason to make a distinction on this basis. Id.
 
 
 25
 Anderson v. Unisys, No. CV 4-92-138, slip op. at 12 (October 20, 1993). We recently affirmed the case upon which the district court relied, finding "the rationale of Walker does not change 'solely because of the fortuity' that [the plaintiff] pleaded a federal claim along with state claims." Appletree Square I, Ltd. v. W.R. Grace & Co., 29 F.3d 1283, 1286 (8th Cir.1994) (quoting Walker v. Armco Steel Corp., 446 U.S. 740, 753, 100 S.Ct. 1978, 1986, 64 L.Ed.2d 659 (1980)). Based on our reasoning in that case, we affirm the decision of the district court dismissing Anderson and Nielsen's state claims because under the state commencement rule, those claims were not timely filed.
 
 CONCLUSION
 
 26
 The district court's entry of summary judgment in Unisys's favor as to the federal claims of Anderson and Nielsen is reversed, and the district court is directed to equitably toll the federal administrative filing period as to them. In all other respects, the judgment of the district court is affirmed.
 
 
 
 [1]
 Unisys has rehired Anderson, but he nevertheless continues to pursue this action
 
 
 [2]
 The other employees who eventually filed suit were Robert Eggan, Carl Englehorn, Peter Lowry, Norris Nielsen, Timothy Wandersee, and Donald Woods. Unisys notified all the plaintiffs that they were terminated on April 2, 1990, with the exception of Woods, who was informed of his termination on June 18, 1990
 
 
 [3]
 To bring an age discrimination suit under either the ADEA or Minnesota state law, plaintiffs are required to file administrative charges of age discrimination within certain time limits. The MDHR's administrative filing deadline is one year from the date of the allegedly discriminatory action. Minn.Stat. Sec. 363.06 (1994). Minnesota is a deferral state under the ADEA; therefore, age discrimination claims filed with the MDHR are deemed to have been filed with the EEOC at the same time. 29 U.S.C. Sec. 633(b) (1988). The EEOC's administrative filing deadline is 300 days, however, rather than one year. 29 U.S.C. Sec. 626(d)(2) (1988). Anderson was terminated on April 2, 1990 and filed his administrative charge with the MDHR on March 25, 1991. Thus, he satisfied the one-year state administrative filing deadline, but missed the 300-day federal deadline
 
 
 [4]
 The district court found that Eggan, Englehorn, Lowry, Wandersee, and Woods all filed administrative charges with the MDHR on April 1, 1991. See Anderson v. Unisys, No. CV 4-92-138, slip op. at 4 (October 20, 1993). On that basis, the court found that all these plaintiffs had missed the 300-day EEOC filing deadline except Woods, because Woods was notified of his termination on June 18, 1990. Woods's administrative charge is included in the record, however, and is dated May 29, 1991. Thus, it appears that, like Anderson, all of these plaintiffs, including Woods, met the one-year state administrative filing deadline, but missed the 300-day federal deadline
 
 
 [5]
 Once the administrative process is complete, both the MDHR and the EEOC issue right-to-sue letters to potential plaintiffs; to preserve their claims, those individuals must then bring suit within a certain number of days after receiving the right-to-sue letters. The state statute of limitations for age discrimination claims is 45 days after receipt of a right-to-sue letter from the MDHR. Minn.Stat. Sec. 363.14 (1994). The federal statute of limitations for ADEA claims is 90 days after the charging party receives a right-to-sue letter from the EEOC. 29 U.S.C. Sec. 626(e) (Supp.1993). Although the record is somewhat confusing, the parties appear to agree that Anderson filed his federal claim within 90 days after receipt of his right-to-sue letter from the EEOC and satisfied the federal statute of limitations
 
 
 [6]
 Certification of ADEA class actions is governed by 29 U.S.C. Sec. 216(b) rather than Fed.R.Civ.P. 23
 
 
 [7]
 Apparently the district court, at that time, was unaware that all of the claimants except Nielsen had received right-to-sue letters following the rejection of their individual administrative filings, and failed to file timely suits. The record before us does not include Anderson's amended complaints which added these plaintiffs, but the briefs indicate those complaints were filed in June and July of 1993
 
 
 [8]
 Although all the plaintiffs failed to file timely administrative charges with the EEOC, the district court found that the plaintiffs seeking to join Anderson's suit could "piggyback" on Anderson's administrative filing, provided he could show he was entitled to equitably toll the administrative filing period. See Kloos v. Carter-Day Co., 799 F.2d 397 (8th Cir.1986); Allen v. Amalgamated Transit Union, 554 F.2d 876, 882-83 (8th Cir.), cert. denied, 434 U.S. 891, 98 S.Ct. 266, 54 L.Ed.2d 176 (1977). This proposition is not challenged here
 
 
 [9]
 This evidence consisted of the affidavits of four security guards who worked at Unisys and claimed that the notices were conspicuously posted in the building where Anderson worked
 
 
 [10]
 Based on this language in previous opinions in this circuit, the district court found that "equitable tolling is only appropriate if the failure to file a timely charge is attributable to conduct of the defendant." Anderson v. Unisys, No. CV 4-92-138, slip op. at 9 (March 25, 1993)
 
 
 [11]
 See Rhodes v. Guiberson Oil Tools Div., 927 F.2d 876, 878 (5th Cir.) ("Equitable tolling focuses on the plaintiff's excusable ignorance of the employer's discriminatory act. Equitable estoppel, in contrast, examines the defendant's conduct and the extent to which the plaintiff has been induced to refrain from exercising his rights."), cert. denied, 502 U.S. 868, 112 S.Ct. 198, 116 L.Ed.2d 158 (1991); Hamilton v. Komatsu Dresser Indus., Inc., 964 F.2d 600, 605 (7th Cir.) (concluding equitable tolling is based in part on "the plaintiff's excusable ignorance of the limitations period"), cert. denied, --- U.S. ----, 113 S.Ct. 324, 121 L.Ed.2d 244 (1992)
 
 
 [12]
 Although most of the cases cited involve misleading correspondence or information from the EEOC, and the letter in this case came from the MDHR, we do not find that a meaningful distinction. The worksharing agreement between the EEOC and the MDHR provides that "[i]n order to facilitate the filing of charges of employment discrimination, the EEOC and the [MDHR] each designate the other as its agent for the purpose of receiving and drafting charges." See Worksharing Agreement Between Minnesota Department of Human Rights and Equal Employment Opportunity Commission for Fiscal Year 1995 at II(A); see also Worthington v. Union Pac. R.R., 948 F.2d 477, 480-81 (8th Cir.1991) (finding the Nebraska Equal Opportunity Commission an agent of the EEOC under the relevant worksharing agreement)
 
 
 [13]
 As previously indicated, the district court found that if Anderson could show the EEOC administrative filing period should be equitably tolled, all of the other plaintiffs could take advantage of the "timely" filing of the EEOC administrative charge. See supra note 6
 
 
 [14]
 The Civil Rights Act of 1991, which went into effect November 21, 1991, changed the applicable statute of limitations in ADEA actions. The previous statute of limitations was two years from the date of the discriminatory conduct, or three years from that date for wilful violations. See 29 U.S.C. Sec. 626(e) (1988) (repealed 1991); 29 U.S.C. Sec. 255 (1982). The Civil Rights Act of 1991 repealed that statute of limitations and replaced it with one requiring that any civil action be filed within 90 days of receiving a right-to-sue letter from the EEOC. 29 U.S.C. Sec. 626(e) (Supp.1993). On appeal, Anderson argues the district court erred in applying the new statute of limitations and that it instead should have applied the old two or three-year statute of limitations. Appellants apparently did not raise this argument in the district court when Unisys moved to dismiss the ADEA claims of all plaintiffs except Anderson and Nielsen. See Anderson v. Unisys, No. CV 4-92-138, slip op. at 6 n. 2 (October 20, 1993) ("The parties agree that the Civil Rights Act of 1991 applies to this case."). Because this argument was not raised below, we do not address it here