_____

No. 95-2950
_____

Rodney Tyrone Hopkins,      *
                            *
          Appellant,        *
                            *  Appeal from the United States
     v.                     *  District Court for the
                            *  Eastern District of Missouri.
Tannery West,               *
                            *       [UNPUBLISHED]
          Appellee.         *


_____

          Submitted:  March 6, 1996

             Filed:  March 11, 1996
_____

Before FAGG, BOWMAN, and HANSEN, Circuit Judges.
_____

PER CURIAM.


     Rodney Tyrone Hopkins filed this action against Tannery West pursuant
to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-
17 (1988 & Supp. V 1993), alleging that Tannery West unlawfully
discriminated against him on the basis of his race and his sex by
terminating him, failing to promote him, failing to interview him for an
open position, and harassing him.  Tannery West moved to dismiss Hopkins's
complaint for failure to state a claim, arguing Hopkins did not file this
action within ninety days of the Equal Employment Opportunity Commission's
(EEOC) determination notifying him of his right to sue, as required by
section 2000e-5(f)(1).  The District Court agreed that Hopkins's action was
untimely, and granted Tannery West's motion.  Hopkins appeals, and we
reverse.

The EEOC issued Hopkins a right-to-sue letter on November 10, 1994. Hopkins alleged in his complaint that he did not receive this letter until December 15, 1994. On March 10, 1995, the District Court received Hopkins's complaint, in forma pauperis (IFP) application, and motion for appointment of counsel; a copy of his right-to-sue letter was attached to his complaint. The District Court, however, did not file Hopkins's complaint until March 24 when it granted IFP status to Hopkins.

We review de novo a dismissal for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), and will affirm only if the complaint contains facts which bar recovery or the plaintiff can prove no set of facts allowing recovery. Ring v. First Interstate Mortgage, Inc., 984 F.2d 924, 926 (8th Cir. 1993).

The ninety-day filing period for bringing a Title VII action began to run on the day the EEOC's right-to-sue letter was received by Hopkins. See Anderson v. Unisys Corp., 47 F.3d 302, 307-08 (8th Cir.), cert. denied, 116 S. Ct. 299 (1995). Accepting as true, as we must when reviewing a Rule 12(b)(6) dismissal, Hopkins's allegation that he received the right-to-sue letter on December 15, 1994, see Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990), Hopkins had until March 15, 1995, to bring this action. Hopkins's action thus does not appear from the complaint to be untimely, because the district court received the complaint, the IFP application, and the motion for appointment of counsel on March 10. Cf. Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 151 (1984) (per curiam) (where motion for appointment of counsel was pending, "equity would justify tolling the statutory period until the motion [was] acted upon"). We note that in the proceedings thus far Tannery West has not disputed Hopkins's allegation that he received the right-to-sue letter on December 15, 1994.

Accordingly, we reverse and remand for further proceedings consistent with this decision.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.