# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-1634

_____

| | | |
|---|---|---|
| Brenda Shempert, | * | |
| | * | |
| Plaintiff-Appellant, | * | |
| | * | |
| | * | |
| v. | * | |
| | * | |
| Harwick Chemical Corporation | * | |
| and Tom Breckenridge, Individually; | * | Appeal from the United States |
| | * | District Court for the |
| Defendant-Appellee, | * | Eastern District of Arkansas |
| | * | |
| Lynne Gibel, | * | |
| | * | |
| Movant-Appellant. | * | |
| ------------------------------------- | * | |
| Equal Employment Opportunity | * | |
| Commission, | * | |
| Amicus Curiae. | * | |

_____

Submitted: November 19, 1997

Filed: July 31, 1998

_____

Before McMILLIAN and WOLLMAN, Circuit Judges, and STEVENS,[1] District
Judge.

_____

[1]The Honorable Joseph E. Stevens, Jr., United States District Judge for the
Western District of Missouri, sitting by designation.

_____

McMILLIAN, Circuit Judge.

Brenda Shempert appeals from a final order issued in the United States District Court[2] for the Eastern District of Arkansas granting summary judgment in favor of defendants Harwick Chemical Corporation (Harwick) and Tom Breckenridge, individually, and denying Lynne Gibel's motion to intervene. Shempert v. Harwick Chem. Corp., No. H-C-96-37 (E.D. Ark. Dec. 27, 1996) (Order) (hereinafter "slip op."). The district court dismissed Shempert's claim of sexual harassment employment discrimination under 42 U.S.C. §§ 2000e to 2000e-17 (Title VII), holding that Shempert failed to file an administrative charge within 180 days of the last alleged discriminatory incident as required by 42 U.S.C. § 2000e-5(e)(1). Slip op. at 6. For reversal, Shempert argues that the district court erred in holding that (1) her Intake Questionnaire, submitted to the Equal Employment Opportunity Commission (EEOC) within 180 days, did not constitute a valid administrative charge, and, alternatively, (2) the doctrine of equitable tolling did not apply to save her claim even if she failed to file an administrative charge within the 180-day filing period. For the reasons discussed below, we affirm the judgment of the district court.

_____

[2]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

## Jurisdiction

Jurisdiction in the district court was proper based upon 28 U.S.C. § 1331. Jurisdiction in this court is proper based upon 28 U.S.C. § 1291. The notice of appeal was timely filed pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure.

## Background

Shempert worked as a Senior Customer Service Representative for Harwick from 1983 until she resigned on May 7, 1996. She alleges that during 1994 and 1995 her supervisor, Breckenridge, repeatedly subjected her to unwelcome sexual advances, physical touching, verbal harassment, and other sexually explicit activities. She claims that despite repeated complaints to both Breckenridge and corporate officials at Harwick the harassment continued and no corrective action was taken. Shempert claims that the acts of sexual harassment put her in fear of her personal health and safety, forced her to take a medical leave of absence, and compelled her to seek the care of a physician.

Shempert obtained legal assistance on October 11, 1995. Her attorney discussed with her the procedures for filing an Intake Questionnaire or Charge Information Form provided by the EEOC. On October 30, 1995, Shempert went to her attorney's office where she was assisted in filling out an Intake Questionnaire, which she signed, but not under oath or affirmation. She alleged in the Intake Questionnaire that her employer's last act of discrimination occurred on May 15, 1995. The date of this alleged act of discrimination marked the beginning of the 180-day filing period in which she could file

a valid administrative charge.  The filing period, therefore, expired on  November 11, 1995.

The EEOC received Shempert's completed and signed Intake Questionnaire on November 2, 1995.  On November 9, 1995, the EEOC sent Shempert a letter and requested that she sign and date the attached Charge of Discrimination (Charge) form prepared for her.  The letter warned her that a failure to respond within 30 days could result in the dismissal of her charges.  In addition, the letter warned that the Charge had to be filed within the time limits imposed by law and, therefore, should be returned to the EEOC as soon as possible.  Upon receipt of the letter, Shempert contacted her attorney.  She signed the Charge form on November 16, 1995, and returned it to the EEOC on November 27, 1995.  Three days later, on November 30, 1995, the EEOC received the Charge form.

On January 24, 1996, the EEOC issued a "Notice of Right to Sue" letter and Shempert filed this action in federal district court against Harwick and Breckenridge on March 26, 1996.  On November 27, 1996, Gibel, a former bookkeeper employed at Harwick, filed a motion to intervene.  Defendants then filed a motion for summary judgment and the district court granted the motion, holding that Shempert's unverified Intake Questionnaire could not serve as an administrative charge for purposes of the 180-day statute of limitations.  Slip op. at 6 (citing Diez v. Minnesota Mining & Mfg. Co., 88 F.3d 672, 675 (8th Cir. 1996) (Diez), and Hodges v. Northwest Airlines, Inc., 990 F.2d 1030, 1032 (8th Cir. 1993) (Hodges)).  The district court also rejected Shempert's assertion that equitable tolling applied to preserve her claim.  Id. at 8 n.2.

Because Shempert could not maintain her Title VII action, the district court also denied Gibel's motion to intervene. Id. at 9-10. This appeal followed.

**Discussion**

We review a grant of summary judgment *de novo*. The question before the district court, and this court on appeal, is whether the record, when viewed in the light most favorable to the non-moving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); see, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); Get Away Club, Inc. v. Coleman, 969 F.2d 664, 666 (8th Cir. 1992); St. Paul Fire & Marine Ins. Co. v. FDIC, 968 F.2d 695, 699 (8th Cir. 1992). Where the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate. Crain v. Board of Police Comm'rs, 920 F.2d 1402, 1405-06 (8th Cir. 1990).

Under Title VII, an administrative charge must be filed within 180 days of the alleged discriminatory incident.[3] 42 U.S.C. § 2000e-5(e)(1). In order to be valid, Title VII requires that "[c]harges shall be in writing under oath or affirmation and shall contain such information and be in such form as the [EEOC] requires." Id. § 2000e-5(b). There is no dispute that the last alleged incident of discrimination occurred on

---

[3]There is no state or local fair employment practices agency in Arkansas. Therefore, Shempert had 180 days, as opposed to 300 days, after the alleged unlawful employment practice occurred to file her charge with the EEOC. See 42 U.S.C. § 2000e-5(e)(1).

May 15, 1995. The last day for Shempert to file a valid charge, therefore, was November 11, 1995. The parties also do not dispute that Shempert filed an Intake Questionnaire on October 30, 1995, within the 180-day filing period, and that she signed the Charge under affirmation or oath on November 16, 1995, after the 180-day filing period had expired. The only dispute in this case, therefore, is whether the Intake Questionnaire qualified as an administrative charge under the particular circumstances of this case.

Shempert contends that the district court should not have granted summary judgment on her Title VII claim because she filed an Intake Questionnaire within the 180-day filing period.[4] She argues that her Intake Questionnaire qualified as an administrative charge because it was a precise statement identifying the parties and describing the discriminatory activities, as required by 29 C.F.R. § 1601.12(b).[5] She further argues that, even though she did not sign the Intake Questionnaire under oath or affirmation, 29 C.F.R. § 1601.12(b) allows her to amend the Intake Questionnaire with the Charge signed on November 16, 1995, and, therefore, cure any defect by relating back to October 30, 1995.[6]

---

[4]The EEOC has filed an amicus curiae brief in support of Shempert and submits essentially the same argument on appeal. Therefore, our discussion addresses these arguments simultaneously.

[5]The regulation provides in relevant part: "[A] charge is sufficient when the [EEOC] receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of." 29 C.F.R. § 1601.12(b).

[6]The regulation provides in relevant part: "A charge may be amended to cure technical defects or omissions, including failure to verify the charge . . . . Such

The case law in the Eighth Circuit is well settled on this issue. Intake Questionnaires which are neither signed under oath nor verified do not satisfy the statutory requirement for an administrative charge. See Lawrence v. Cooper Communities, Inc., 132 F.3d 447, 450 (8th Cir. 1998) (Lawrence); Schlueter v. Anheuser-Busch, Inc., 132 F.3d 455, 458 (8th Cir. 1998) (Schlueter); Diez, 88 F.3d at 675. Title 42 U.S.C. § 2000e-5(b) requires that all administrative charges be "in writing under oath or affirmation." Only when an Intake Questionnaire is signed under oath can it "constitute a valid charge under Title VII for purposes of the statute of limitations." Lawrence, 132 F.3d at 450 (quoting Hodges, 990 F.2d at 1032). Shempert's Intake Questionnaire was never signed under oath or verified. The verification requirement of 42 U.S.C. § 2000e-5(b), as construed by this circuit, requires us to hold that Shempert's

amendments . . . will relate back to the date the charge was first received." 29 C.F.R. § 1601.12(b).

Intake Questionnaire did not constitute a valid charge under Title VII.[7]  Because

Shempert's Intake Questionnaire did not constitute

[7]Several circuits hold that an Intake Questionnaire cannot serve as an administrative charge.  See Park v. Howard Univ., 71 F.3d 904, 908-09 (D.C. Cir. 1995), cert. denied, 117 S. Ct. 57 (1996); EEOC v. Appalachian Power Co., 568 F.2d 354, 355 (4th Cir. 1978) (per curiam) (holding that a charge not taken under oath or affirmation is not a valid charge).  But see Balazs v. Liebenthal, 32 F.39 151 (4th Cir. 1994) (holding that an invalid charge can be perfected through equitable tolling).  Other circuits have held that a timely-filed Intake Questionnaire can serve as an administrative charge if subsequently verified.  See Philbin v. General Elec. Capital Auto Lease, Inc., 929 F.2d 321 (7th Cir. 1991) (per curiam); Peterson v. City of Wichita, 888 F.2d 1307 (10th Cir. 1989) (Title VII case involving discrimination based on race), cert. denied, 495 U.S. 932 (1990).  Still other circuits have held that an Intake Questionnaire qualifies as a charge if it satisfies the requirements of 29 C.F.R. § 1601.12(b).  See Clark v. Coats & Clark, Inc., 865 F.2d 1237, 1239-41 (11th Cir. 1989) (Age Discrimination in Employment Act (ADEA) claim); Casavantes v. California State Univ., 732 F.2d 1441 (9th Cir. 1984).  Some circuits have also held that an unverified charge can be verified after the filing period has expired through equitable tolling.  See Early v. Bankers Life & Cas. Co., 959 F.2d 75 (7th Cir. 1992) (relying on the misleading conduct of the EEOC to toll the statute of limitations).

a charge under Title VII, her verified Charge of November 16, 1995, can not relate back to the filing of the Intake Questionnaire. See Lawrence, 132 F.3d at 450 (noting that an Intake Questionnaire is not a charge and 29 C.F.R. § 1601.12(b) only allows an amendment to relate back to the date a charge was first received); Schlueter, 132 F.3d at 458 (same).

Shempert urges us to apply the Diez test for distinguishing between questionnaires that are preliminary to an administrative charge and questionnaires that function as a charge. Diez, 88 F.3d at 676 (adopting the Seventh Circuit test from Steffen v. Meridian Life Ins. Co., 859 F.2d 534, 542 (7th Cir. 1988) (Steffen), cert. denied, 491 U.S. 907 (1989)). Shempert argues that she intended to satisfy the statutory filing requirement by submitting the Intake Questionnaire and, therefore, we should consider it an administrative charge. The Steffen court proceeded from the premise that the claimant's Intake Questionnaire fit within the statutory and regulatory descriptions of a charge and concluded that the claimant's intent to "activate the Act's machinery," as well as the EEOC's treatment of the Intake Questionnaire as a charge, required the court to treat the Intake Questionnaire as a charge. 859 F.2d at 542. Both Diez and Steffen, however, involved claims of age discrimination under the ADEA, which does not require that a charge be verified. 29 U.S.C. § 626; Diez, 88 F.3d at 675; Steffen, 859 F.2d at 541. Charges under Title VII, in contrast, must be verified.

42 U.S.C. § 2000e-5(b). Whereas the Intake Questionnaires in both <u>Diez</u> and <u>Steffen</u> met the statutory description for an ADEA administrative charge, Shempert's unverified Intake Questionnaire, as discussed above, does not fit within the statutory requirements for a Title VII charge. <u>Compare</u> 29 U.S.C. § 626, <u>with</u> 42 U.S.C. § 2000e-5(b). <u>Diez</u>, therefore, does not apply to this case.

Shempert argues in the alternative that the district court erred in failing to apply the doctrine of equitable tolling to the 180-day filing period.[8] The filing of a timely charge with the EEOC is "a requirement that, like a statute of limitations, is subject to waiver, estoppel and equitable tolling." <u>Zipes v. Trans World Airlines, Inc.</u>, 455 U.S. 385, 393 (1982) (<u>Zipes</u>) (footnote omitted). Equitable tolling is premised on the "excusable neglect" of the filing party, <u>Anderson v. Unisys Corp.</u>, 47 F.3d 302, 306 (8th Cir.) (<u>Anderson</u>), <u>cert. denied</u>, 516 U.S. 913 (1995), and preserves a claim after the filing period has expired. Shempert argues that the letter from the EEOC dated November 9, 1995, to which the Charge was attached, was misleading. She further argues that she could not have been expected to sign and return the Charge, sent by the EEOC on November 9, on or before the expiration of the filing period only two days later on November 11.

_____

[8]Defendants argue that equitable tolling was not properly raised in the district court and is not, therefore, reviewable by this court. <u>See</u> <u>Kapp v. Naturelle, Inc.</u>, 611 F.2d 703, 709 (8th Cir. 1979). The district court, however, noted that Shempert did assert that equitable tolling should apply but rejected that argument. Slip op. at 8 n.2. The issue of equitable tolling, therefore, is properly before this court.

While Title VII is remedial legislation and its charge-filing provisions are not to be read too literally or technically, see Zipes, 455 U.S. at 397, "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984) (per curiam) (Baldwin). As a general rule, equitable tolling is a remedy reserved for circumstances that are "truly beyond the control of the plaintiff." Hill v. John Chezik Imports, 869 F.2d 1122, 1124 (8th Cir. 1989); see also Lown v. Brimeyer, 956 F.2d 780, 782 (8th Cir.) ("Equitable tolling is appropriate only when the circumstances that cause a plaintiff to miss a filing deadline are out of his [or her] hands.") (quoting Heideman v. PFL, Inc., 904 F.2d 1262, 1266 (8th Cir.1990), cert. denied, 498 U.S. 1026 (1991)), cert. denied, 506 U.S. 860 (1992). Baldwin suggests instances in which equitable tolling would be appropriate: (1) a claimant has received inadequate notice; (2) a motion for appointment of counsel is pending; (3) the court has led the plaintiff to believe that he or she has done everything required of him or her; or (4) affirmative misconduct on the part of a defendant lulled the plaintiff into inaction. 466 U.S. at 151.

The circumstances of Shempert's case do not justify the application of equitable tolling. At no point were circumstances out of Shempert's control. Defendants did not engage in affirmative misconduct which might have lulled Shempert into inaction. See id. Furthermore, Shempert controlled the timing of the Intake Questionnaire and the filing of her Charge. In addition, the EEOC did not mishandle her claim or otherwise mislead her into inaction. While Shempert argues that the third paragraph in the letter dated November 9 misled her into believing she had 30 days in which to file a charge, she acknowledges having read the entire letter which included a paragraph notifying

her that a Charge had to be filed within the time limits imposed by law. Even construing the facts in her favor, equitable tolling is allowed only if the language was misleading. See Anderson, 47 F.3d at 306-07 ("[W]hen an administrative agency misleads a complainant, particularly one who is without the benefit of counsel, equitable tolling may be justified."). In the present case, not only did the EEOC not mislead Shempert, but she had the benefit of counsel for one full month before the filing period expired.

Furthermore, while Shempert may not have received the EEOC's letter dated November 9, 1995, to which the Charge was attached, until after the filing period expired on November 11, the fact remains that Shempert had the full 180 days to file a charge of harassment. She waited until almost two weeks before the filing period expired to complete and mail the Intake Questionnaire to the EEOC. In addition, Shempert had the advice of counsel for one full month before the filing period expired. The situation was never beyond Shempert's control so as to justify tolling the filing deadline. See Miller v. Runyon, 32 F.3d 386, 390 (8th Cir. 1994). Equitable tolling is not an excuse to be invoked by those failing to exercise reasonable diligence. See Baldwin, 466 U.S. at 151.

Shempert relies on many cases which demonstrate the appropriate application of equitable tolling. In each of those cases, equitable tolling was justified because of the misleading information provided by the agency or circumstances beyond the control of the claimant. See Lawrence, 132 F.3d at 451 (permitting equitable tolling because the EEOC led the claimant to believe that submitting an Intake Questionnaire within fifteen days of the expiration of the filing deadline, with subsequent verification, would

suffice as a Charge); <u>Schlueter</u>, 132 F.3d at 459 (permitting equitable tolling because the EEOC mistakenly gave the claimant the wrong form, used the wrong date to calculate when the 300-day filing period would expire, and led the claimant to believe that she had done everything necessary to file a charge); <u>Anderson</u>, 47 F.3d at 306-07 (applying equitable tolling because an agency led the claimant to believe the filing period with the EEOC was one year rather than the appropriate 300 days and because the claimant was without counsel); <u>Warren v. Department of the Army</u>, 867 F.2d 1156, 1160 (8th Cir. 1989) (permitting equitable tolling because of misleading information in the EEOC's right-to-sue letter and because the claimant was without counsel). Accordingly, we hold that equitable tolling does not apply in the present case.

The last issue on appeal is Gibel's motion to intervene. A party who has not filed an administrative charge with the EEOC may still join a suit by "piggybacking" on the administrative charge of one already a party to the suit. <u>Anderson</u>, 47 F.3d at 305 n.8 (citing <u>Kloos v. Carter-Day Co.</u>, 799 F.2d 397, 400 (8th Cir. 1986)). Gibel argues that although she did not file a charge of discrimination with the EEOC, she should be allowed to "piggyback" her claim on Shempert's charge. She relies on Rule 24(b) of the Federal Rules of Civil Procedure for the proposition that intervention is allowed when the intervenor's claim has a question of law or fact in common with the main action. Because Shempert failed to file a timely charge, there is no charge upon which Gibel can "piggyback" her claim. Therefore, Gibel's motion to intervene was properly denied.

**Conclusion**

For the reasons stated above, we affirm the judgment of the district court.


A true copy.

   Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.