**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 23 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MARY ANN O'NEAL; BEVERLY
WILKINS; BEVERLY STEWART,

      Plaintiffs-Appellants,

v.

TOMMY THOMPSON, Secretary
of Department of Health and Human
Services,

      Defendant-Appellee.

No. 01-2237
(D.C. No. CIV-97-261-JP)
(D. N.M.)

---

**ORDER AND JUDGMENT** *

---

Before **BRISCOE** , Circuit Judge, **BRORBY** , Senior Circuit Judge, and **HARTZ** , Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Beverly Wilkins appeals the district court's determination that it lacked jurisdiction to consider her claim of hostile work environment sexual harassment and most of her claims of retaliation. *See* Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16. Ms. Wilkins also appeals the entry of summary judgment in favor of defendant on her remaining claims of retaliation. Plaintiffs Mary Ann O'Neal and Beverly Stewart appeal the district court's grant of summary judgment on their claims of hostile work environment sexual harassment and certain of their claims of retaliation. We affirm.

I.

At all relevant times, plaintiffs were employees of the Indian Health Service, Mental Health/Social Services Program Branch in Headquarters West building, located in Albuquerque, New Mexico. In 1992, Mr. Frank Canizales became a co-employee and began using sexually offensive and threatening language. After a particularly disturbing incident on May 26, 1993, Mr. Canizales was placed on leave. Indian Health Service management took steps to make sure that, upon his return from leave, Mr. Canizales would not work with plaintiffs in the Headquarters West building. On some occasions, however, he would be required to attend work-related events held in the building. On these dates, plaintiffs were generally warned of his access to the building and allowed to take

administrative leave.  On March 7, 1994, however, Mr. Canizales entered the building, though plaintiffs were not warned that he would be present.

Plaintiff O'Neal filed a administrative complaint alleging gender discrimination.  In its final agency decision, defendant's EEO office recognized allegations by Ms. O'Neal, Ms. Stewart, and others that Mr. Canizales made sexually-offensive remarks.  Ms. O'Neal then timely filed this action in federal district court.  Ms. O'Neal's co-plaintiffs were not as diligent.  Ms. Stewart did not file an administrative complaint.  Ms. Wilkins filed an administrative complaint, but did not pursue her claims in federal court until almost seven months after she received the right-to-sue letter triggering a ninety-day period in which to file suit.

Defendant filed motions to dismiss for lack of jurisdiction and for partial summary judgment.  Ms. Wilkins' hostile work environment claim was dismissed for failure to timely file a judicial complaint and her retaliation claims were rejected for either failure to exhaust administrative remedies or failure to raise a material issue of fact.  The claims that survived the motions were Ms. O'Neal's and Ms. Stewart's retaliation claims stemming from Mr. Canizales' entry into their workplace on March 7, 1994, their retaliation claims concerning reassignment out of state, and Ms. O'Neal's retaliation claims concerning loss of a supervisory title and cancellation of a training opportunity.  Ms. O'Neal's and

Ms. Stewart's retaliation claims proceeded to trial and a jury found in their favor on the claim related to Mr. Canizales' presence in their workplace. Plaintiffs are challenging the district court's order, not the trial verdict.

II.

We review the district court's disposition of plaintiffs' claims de novo. *See Painter v. Shalala*, 97 F.3d 1351, 1355 (10th Cir. 1996) (dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)); *Sterlin v. Biomune Sys*., 154 F.3d 1191, 1194-95 (10th Cir. 1998) (dismissal for failure to comply with applicable statute of limitations); *Bullington v. United Air Lines, Inc*., 186 F.3d 1301, 1313 (10th Cir. 1999) (entry of summary judgment).

III.

We turn first to Ms. Wilkins' argument that the "single filing rule" rescues her hostile environment claim. The single filing rule provides a limited exception to the requirement of filing an administrative charge in a discrimination matter. Where applicable, the rule permits a non-filing plaintiff to join the lawsuit of a similarly-situated litigant who had filed a charge. *See Thiessen v. Gen. Elec. Capital Corp*., 267 F.3d 1095, 1110 (10th Cir. 2001), *cert. denied*, 122 S. Ct. 2614 (2002). "The policy behind the single filing rule is that it would be wasteful, if not vain, for numerous employees, all with the same grievance, to

have to process many identical complaints with the EEOC." *Id.* (quotations omitted). The Tenth Circuit has applied the rule only in a pattern-or-practice class action suit. *See id.* at 1105-06, 1109-11. Furthermore, other federal courts of appeals have concluded that a plaintiff who filed an individual charge may not invoke the single-filing rule. "[S]uch a plaintiff should be required to rely upon his or her own . . . charge and cannot reasonably rely upon [an]other claimant's charge." *Gitlitz v. Compagnie Nationale Air France*, 129 F.3d 554, 558 (11th Cir. 1997). *See also Anderson v. Unisys Corp.*, 47 F.3d 302, 309 (8th Cir. 1995) (stating that "plaintiffs who do file administrative charges . . . should be bound by the statute of limitations, which is normally stated in the right-to-sue letter. . . .").

In this non-class action lawsuit, Ms. Wilkins asks us to extend the single-filing rule and allow her to predicate her judicial claim on Ms. O'Neal's administrative complaint, even though Ms. Wilkins herself filed an administrative complaint with defendant's EEO office. Under the circumstances of this case, we decline to do so. The district court properly dismissed her hostile environment claim for failure to file a lawsuit within the applicable statute of limitations.

As to the dismissal of Ms. Wilkins' retaliation claims for failure to exhaust administrative remedies, she argues that she had exhausted her remedies because she had filed administrative complaints for which the agency did not give a final agency decision within 180 days. The district court, however, conducted

a carefully detailed analysis of Ms. Wilkins' claims, and determined that only one of Ms. Wilkins' administrative charges, filed October 3, 1997, post-dated the alleged retaliatory acts. Focusing on the October 3 claim, the court recognized that it had jurisdiction over claims concerning incidents which took place on August 27 and October 2, 1997, and her accretion of duties claim, which accrued on or about October 1, 1997. The court addressed and disposed of those claims on the merits in its summary judgment ruling. As a consequence, Ms. Wilkins' arguments concerning the 180-day requirement are not pertinent to the appeal of this case.

IV.

In reviewing a grant of summary judgment, we apply the same legal standard used by the district court. *McKnight v. Kimberly Clark Corp*., 149 F.3d 1125, 1128 (10th Cir. 1998). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When applying this standard, "we examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing the motion." *McKnight*, 149 F.3d at 1128 (quotation omitted).

"[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248; *see also Chasteen v. UNISIA JECS Corp.*, 216 F.3d 1212, 1216 (10th Cir. 2000) ("A 'material fact' is one which could have an impact on the outcome of the lawsuit, while a 'genuine issue' of such a material fact exists if a rational jury could find in favor of the non-moving party based on the evidence presented."). Thus, "[f]actual disputes about immaterial matters are irrelevant to a summary judgment determination." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1361 (10th Cir. 1993) (citing *Anderson*, 477 U.S. at 248).

To contest the district court's entry of summary judgment, plaintiffs largely rely on a listing of discrepancies between their rather vague version of the facts and the facts as described in defendant's summary judgment filings. At this point in the proceedings, plaintiffs' approach is unavailing. The district court carefully parsed the summary judgment record and determined that plaintiffs had presented

no *material* issue of disputed facts. After a careful review of the record, we agree with the district court's conclusion.

Specifically, with regard to their hostile environment claims, Ms. O'Neal and Ms. Stewart were required to raise material issues of fact on whether defendant "had actual or constructive knowledge of the hostile work environment but did not adequately respond to notice of the harassment." *Ford v. West*, 222 F.3d 767, 776 (10th Cir. 2000) (quotations omitted). A court is to "consider the reasonableness of the employer's response to any harassment about which it knew or should have known. . . . Plaintiff bears the burden of presenting evidence establishing a genuine issue of fact that the employer's response was unreasonable." *Id.* (citations omitted).

Here, the district court properly set out and applied the law of hostile work environment to the uncontested, material facts before it and concluded that defendant's response was reasonably calculated to end any harassment towards plaintiffs and in fact achieved that goal. [1]

_____

[1]     In their listing of issues on appeal, plaintiffs state an intention to raise a question as to whether the district court properly applied the law of retaliation, but include no discussion of the issue. We do not address the issue because a party must support its argument with legal authority. *Phillips v. Calhoun*, 956 F.2d 949, 953-54 (10th Cir. 1992).

The district court's order of dismissal and summary judgment is AFFIRMED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge